Walter v. Wimer.

------◄•◦●◦•►------

WALTER, Appellant, v. WIMER *et al.*, Respondents.

1. An assignment of a stock of goods to a trustee for the benefit of a creditor provided that the grantor, until default, should have the use of the property conveyed for the ordinary and legitimate purposes of trade, and should enjoy the same unmolested, provided, however, that he, the grantor, should faithfully apply the proceeds of the sales of the goods, wares, &c., towards replenishing and keeping up the stock to its state at the time of the assignment; and that all goods, wares and merchandise thus acquired after the assignment, should be considered bound for the payment of the debt secured; *held,* that the assignment was void upon its face, as a matter of law, as against creditors. (Brooks v. Wimer, 20 Mo. 503, affirmed.)

*Appeal from St. Louis Court of Common Pleas.*

In this suit, the plaintiff, Walter, claiming title to a certain stock of goods, under an assignment by Gustave and Ferdinand Vogeler to himself, as trustee, to secure a debt of $4000 due to one Carl Vogeler, which said stock of goods had been seized by defendant, Wimer, as sheriff of St. Louis county, under a writ of attachment issued in favor of certain persons, also defendants, and had been sold by said Wimer, seeks to recover damages for the alleged destruction of the security held by him for the payment of the debt.

The deed of trust to Walter is dated September 15, 1853, and conveyed a stock of goods, wares and merchandise, furniture, fixtures and utensils, belonging to two staple and fancy

dry goods stores of the grantors. The deed described specially the articles of which this stock was composed, and contained the following provision: "It is distinctly understood, however, between the said Gustave and Ferdinand Vogeler and the said Carl Vogeler, and this deed is made upon this express condition only, that the said parties of the first part, their executors, administrators, heirs and assigns, shall, notwithstanding this encumbrance, have the use of said property herein conveyed for the ordinary and legitimate purposes of trade, and shall enjoy the same unmolested until default shall be made in the payment of said promissory note; provided, however, that they (G. & F. Vogeler) shall faithfully apply the proceeds of the sale of said goods, wares and merchandise towards replenishing and keeping up their stock to the present state; and that all goods, wares and merchandise thus by them acquired hereafter, shall always be considered bound for the payment of said promissory note and subject to this encumbrance, the same as the property now on hand and herein conveyed. And it is further distinctly understood between the said parties hereto, and an express condition of this deed, that said Gustave Vogeler and Ferdinand shall have the right and privilege at any time to remove their said stock of goods, wares, merchandise, furniture, fixtures and utensils as aforesaid, (either the whole or part only, as they may choose,) to any other locality or localities, within the limits of the city of St. Louis, they may think proper; and such removal shall not in the least affect the liability herein created."

The promissory note, to secure which this assignment was made, was of even date with the deed, and was payable two months after date. The writ of attachment was levied by sheriff Wimer, June 23, 1854; the sale by the sheriff took place July 11, 1854. The deed of assignment was recorded January 18, 1854. Plaintiff demanded judgment for the amount of the note. A demurrer to the petition was sustained by the court. Plaintiff appealed.

*B. A. Hill,* for appellant, cited 11 Mo. 370; Burrill on As-

signments, 174 ; Skinner v. Thompson, 21 Mo. 10 ; 20 Mo. Rep. 505.

*T. Polk*, for respondents, cited Brooks v. Wimer, 15 Mo. Rep. 459.

LEONARD, Judge, delivered the opinion of the court.

The only difference between this case and that of Brooks v. Wimer, (20 Mo. 503,) is that here it was made the duty of the grantors " to keep up the stock of goods" out of the proceeds of the sale of them. In both cases, the grantor was authorized to dispose of the goods as owner, and not to enjoy the possession merely until the secured debt should become due. In the former case, no duty was imposed upon him in relation to the disposition of the proceeds of the sale ; but here an obligation is put upon him to apply as much as may be necessary for that purpose to the keeping up of the stock in trade. This does not distinguish the cases in principle, and the judgment must be affirmed.