Stanley v. Bunce.

STANLEY, Defendant in Error, v. BUNCE, GARNISHEE, Plain-
tiff in Error.

1. Whenever it appears from the face of an assignment of a stock of goods to a trustee for the benefit of certain designated creditors that it is the intent of the parties thereto that the grantor shall be allowed to remain in possession of the property assigned and to dispose of the same in the usual course of business until default, such deed of assignment should be held to be a conveyance in trust to the use of the grantor within the first section of the act concerning fraudulent conveyances, and consequently void as against creditors.

2. It is not necessary that the deed of assignment should expressly provide that the grantor should remain in possession and continue to dispose of the goods in the usual course of business; it is sufficient to avoid the assignment that such appears, from a consideration of the whole instrument, to be the intent of the parties.

*Error to Cooper Court of Common Pleas.*

This was a suit by attachment against W. W. Norris. One Harvey Bunce was garnished as having in his hands funds belonging to defendant Norris. Upon the trial of the issue raised as between the plaintiff and the garnishee, the plaintiff adduced in evidence two deeds of trust executed by Norris to Bunce as trustee. Plaintiff contended that these deeds were fraudulent in law on their faces as to creditors. The court ruled that said deeds were fraudulent in law. A verdict was rendered against Bunce, the garnishee.

The character of the deeds is, it is conceived, sufficiently apparent from the opinion of the court.

*Adams* and *Leonard*, for plaintiff in error.

I. There is no clause in either deed which reserves any right or benefit to Norris. Norris is divested of all right to the property and of all control over it. He had no right whatever to retain the goods for one moment after the execution of the deeds, and he could not, under the clause with respect to the renewal of the stock or any other, dispose of the goods for his own use or for any purpose whatever. Bunce had the right to take possession immediately under

18—VOL. XXVII.

the deeds, which he accordingly did. (See Page & Bacon v. Gardner, 20 Mo. 508 ; Milburn v. Waugh, 11 Mo. 369 ; Brooks v. Wimer, 20 Mo. 503 ; Walter v. Wimer, 24 Mo. 63 ; Martin v. Maddox, 24 Mo. 575.)

*Douglass* and *Hayden,* for defendant in error.

I. The deeds were made in trust to the use of Norris, and were consequently void. (See 24 Mo. 575 ; id. 63 ; 20 Mo. 503 ; 15 Mo. 459 ; 1 Smith L. C. 59 ; 4 Comst. 580 ; Burrill on Assignments, 70–72, 171, 180 ; 7 Paige, 568 ; 4 Barb. 546 ; 10 Watts, 237 ; 3 Mo. 297.)

NAPTON, Judge, delivered the opinion of the court.

We do not perceive any thing in this case to distinguish it from that of Brooks v. Wimer, 20 Mo. 503, and several other cases deciding the same principle. In this case of Brooks v. Wimer, the grantor conveyed a stock of goods to a trustee for the benefit of certain creditors named, but reserved the right to himself to sell the goods in the usual course of his business until default made in the payment of some debts secured by the deed. This instrument was declared void on its face because of the reservation of the right of disposition without accountability. It was held a conveyance to the use of the person making it within the meaning of the first section of an act concerning fraudulent conveyances. In the case of Walter v. Wimer, 24 Mo. 62, the assignment contained a similar provision, but the grantor also agreed faithfully to apply the proceeds of his sales towards replenishing his stock, and made the new stock thus acquired, as well as the old, subject to the trust. This additional provision was however held to make no difference ; the deed was held void.

In the present case the same provision is found, not perhaps *in hæc verba,* but it is just as necessary and natural an inference from its terms as if it had been so declared in the precise language of the deeds referred to in the cases cited. In one of the deeds (they are both substantially

alike) Norris conveys his present stock of goods, and also
" all goods, wares and merchandise which the said Norris
*may at any time within twelve months purchase for the pur-*
*pose of renewing or replenishing said stock.*"   There is also
conveyed all his bonds, notes, accounts, &c., then on hand,
and " also all such as *may be created at any time within one*
*year from* the date of these presents."   The condition of
this conveyance was, that whereas the beneficiaries were
securities for Norris and " had agreed to become the sure-
ties for said Norris *from time to time for the next ensuing*
*one year* not to exceed ten thousand dollars ;" then if Nor-
ris saved them harmless from these liabilities, already incur-
red or hereafter incurred, the deed was to be void ; but in
the event that any of them was compelled to pay any liabil-
ity incurred in this way, the trustee was authorized to pro-
ceed to sell, &c.

The intent of this deed was, that Norris should retain
possession of his goods and proceed with his business as a
merchant.   It was impossible for Norris to renew or replen-
ish a stock of goods under the control and in possession of a
trustee.   It was equally impossible for him to create new
debts, accounts, &c., under such circumstances.   The *ces-*
*tuis que trust* contemplated the probability of being called
upon to endorse additional notes in the course of the year
and provided for this contingency ; all of which could have
proceeded on no other supposition except that Norris was to
continue his business.   The trustee could, on certain contin-
gencies, take possession, just as was provided in the deeds in
Brooks v. Wimer, and Walter v. Wimer ; but until this con-
tingency happened, he had no right to the possession under
the deed, and no creditor outside of the assignment could
touch the property.   It was completely locked up against all
the world, except the creditors named in the assignment and
Norris himself, and he could dispose of and make a good
title to every dollar of the property.   All this appears upon
the face of the deeds.   It is not a question of fact or intent
arising from any thing outside of the deeds, but is the

natural, indeed we think the only, interpretation to be put upon the deeds themselves. The case, then, falls within the principle heretofore decided; and the judgment of the circuit court must be affirmed. Judge Scott concurring.