BILLINGSLEY'S ADMINISTRATOR, Defendant in Error, v. BUNCE, Plaintiff in Error.

1. Whenever it appears from the face of an assignment of a stock of goods to a trustee for the benefit of certain designated creditors, that it is the intention of the parties thereto that the grantor shall be allowed to remain in possession of the property assigned, and to dispose of the same in the usual course of business until default, such deed of assignment is a conveyance in trust to the use of the grantor within the first section of the act concerning fraudulent conveyances, and consequently void as against creditors; it is sufficient to avoid the assignment that such appears, from a consideration of the whole instrument, to be the intent of the parties. (Stanley v. Bunce, 27 Mo. 269.)

*Error to Cooper Circuit Court.*

This was an action commenced October 17, 1857, against W. W. Norris and others on a promissory note for $5,643.36. A writ of attachment was issued October 17, 1857, against

Norris, and Harvey Bunce was summoned as garnishee of said Norris. Upon the trial of the issue raised in this garnishment proceedings, three several deeds of trust, executed by said Norris, to said Bunce as trustee for various creditors of said Norris were adduced in evidence. These deeds are known as those marked (A), (B) and (C) respectively. The deed marked (A) is dated October 10, 1857, and by it said Norris conveyed to said Bunce property described as follows: "All the stock of goods, wares and merchandise of every description now in the storehouse of said party of the first part, in the city of Boonville, county of Cooper and state of Missouri, being the same heretofore belonging to the firm of Norris & Keizer, but which now belongs to the party of the first part; and also all goods, wares and merchandise which the said Norris may at any time within twelve months purchase for the purpose of renewing or replenishing said stock; also all bonds, bills, notes, accounts, books of account and choses in action which belonged to the late firm of Norris & Keizer, and which now belong to the said Wm. W. Norris (the said firm having been dissolved and the said Norris upon their dissolution having become the owner of the same); and also all notes, bonds, bills, debts, accounts and account books belonging to said party of the first part, and all such as may be created at any time within one year from the date of these presents; also the following slaves [naming them]; also the following land [describing it] : To have and to hold the said property, &c., to him, the party of the second part, and to his heirs and assigns forever. But this deed is upon the following express condition—that is to say, whereas the parties of the third part are sureties for the said William W. Norris, and also for the late firm of Norris & Keizer, to sundry persons, for various sums of money, and have agreed to become the sureties for said W. W. Norris from time to time for various amounts, for the next ensuing one year, not to exceed ten thousand dollars; now if the said William W. Norris does well and truly save the said parties of the third part, and each of them, harmless from any and all liabilities

they are now under for him as aforesaid, and for the said Norris & Keizer as aforesaid, and from all they may incur as aforesaid for him, then this deed to be void; otherwise to remain in full force and virtue." The deed then proceeds to provide that in case of default the trustee shall, at the request of the *cestuis que trust* or either of them, proceed to sell the property and collect the debts, &c., and apply the proceeds to the payment of all liabilities that said *cestuis que trust*, or either of them, might be under as sureties.

The second deed, marked (B), was dated October 12, 1857, and the property conveyed is described precisely as in the above deed. It was made to secure certain indebtedness to various parties. These deeds are those passed upon by the supreme court in the case of Stanley v. Bunce, 27 Mo. 269.

The deed marked (C) was dated October 13, 1857. The property conveyed to Bunce by this deed was described therein as follows : " All the property and effects, real, personal and mixed, lands, goods, merchandise, &c., described in three certain deeds of trust now upon record in the clerk's office of Cooper county, state of Missouri, which said deeds were executed by said W. W. Norris, the first to protect the payment of certain debts due by Norris to B. S. Wilson & Co., and the other two to Harvey Bunce as trustee for the benefit of Weeden Spinney, Henry Corum, John Taylor, George Cockrill and others,—for a more particular description of which said property hereby conveyed reference is made to the said deeds and the contents of the same as shown upon the record above referred to." This deed was made to secure the payment of debts due from said Norris to various parties named therein. It was further stipulated, that in case of default the trustee should proceed to sell and apply the proceeds to the payment of the debts recited.

At the instance of the plaintiff the court declared the law as follows : " The deeds in evidence are void, as a matter of law, upon their face." The court refused the following instruction or declaration of law asked by the defendant,

Bunce: " The instrument of writing produced in evidence and marked (C) is a good and legal conveyance by W. W. Norris to Harvey Bunce as trustee of the property described in the instruments marked respectively (A) and (B), and the said writing marked (C) conveys to the garnishee all the right, title and interest of said Norris in and to the goods, wares and merchandise, bonds, bills, notes, choses in action, slaves, real estate, &c., described in the writings marked (A) and (B), the said property to be held by said Bunce in trust for the benefit of the creditors of said Norris named in said writing (C), and to secure the debts therein set forth."

The court rendered judgment against the garnishee.

*Stephens & Vest*, for plaintiff in error.

I. The deed referred to as exhibit (C) does not come within the opinion of this court in the case of Stanley v. Bunce, 27 Mo. 270. There is a vast difference between this deed and those passed upon in that case. The deed now in question is a plain ordinary deed of trust to protect *bona fide* creditors, without a single unusual provision in any part of it. It is true it refers, for a description of the property conveyed, to the prior deeds made by Norris, which have been adjudged void by this court. It does not embrace by this reference that clause which states that the beneficiaries had agreed to become sureties for Norris from time to time. The words " for the purpose of renewing or replenishing his said stock" are not a necessary part of the description and are not therefore adopted. Leaving out this clause, it is not " a natural or irresistible inference from the face of the deed that Norris was to remain in possession and dispose of the goods in his ordinary course of business." Norris had the right to convey the goods he might purchase in future. That part of the first deeds only is adopted which describes the property conveyed, not the surplusage. (2 Pars. on Contr. 62 ; Page & Bacon v. Gardner, 20 Mo. 508.)

*Douglass & Hayden*, for defendant in error.

I. The deed to Bunce was void on its face. (See Stanley

v. Bunce, 27 Mo. 269; 24 Mo. 575, 63; 20 Mo. 503; 15 Mo. 459; 1 Sm. L. Cas. 59; 4 Comst. 580; Burrill on Assign. 70; 7 Paige, 568; 4 Barb. 546; 10 Watts, 237; 3 Mo. 297; Zeigler v. Maddox, 26 Mo. 575.)

NAPTON, Judge, delivered the opinion of the court.

In this case the deed of trust, declared void by the court of common pleas, conveyed the property by terms of description identical with those employed in the two deeds passed upon by this court in Stanley v. Bunce, 27 Mo. 269. The language of these two deeds descriptive of the property conveyed may be considered as incorporated in the deed now under consideration. The description of the property is so made as to indicate an intention of conveying, not property generally acquired in the future, but property to be acquired for a particular purpose, which purpose clearly implies a continuance of Norris' previous business as a merchant. This business was not to be interrupted except at the instance of the trustee, and for the benefit of the *cestuis que trust*, and upon the happening of certain contingencies specified in the deeds. It is true, there were, in the two deeds referred to, some additional clauses calculated to strengthen the construction given to them by the court, but the present deed is substantially and essentially subject to the same objections.

Judge Scott concurring, judgment affirmed.