ROBERT S. VOORHIS, Respondent, v. MORRIS LANGSDORF *et al.*, Appellants.

1. To render a deed of trust or mortgage upon personal property, duly recorded, fraudulent upon its face, the deed must plainly or by necessary implication express the right of the grantor to remain in possession, and his power to dispose of the property.

*Appeal from St. Louis Court of Common Pleas.*

This was a suit against the sheriff and the plaintiffs in execution, to recover damages for the taking the goods and merchandise claimed by the plaintiff as trustee in a deed of trust. The verdict and judgment were entered for the plaintiff, and defendants appealed.

*Krum & Harding*, for appellants.

The deed of trust was void upon its face, under the decisions of Stanley v. Bunce, 27 Mo. 269; Billingsley's adm'r v. Bunce, 28 Mo. 547.

*Decker & Voorhis*, and *H. N. Hart*, for respondent.

The deed does not appear upon its face to be made for the grantor's own use. (Brooks v. Wimer, 20 Mo. 503; Walter v. Wimer, 24 Mo. 63; Stanley v. Bunce, 27 Mo. 269.)

BATES, Judge, delivered the opinion of the court.

This case was heretofore submitted to the court, and an opinion prepared by Judge Napton, in which Judge Ewing concurred, but no judgment entered. The parties now agree that that opinion shall stand as the decision of the court, and be of like effect as if the same were rendered in said cause. Therefore, that opinion is adopted as governing the case, and, the other judges concurring, the judgment below is affirmed.

NAPTON, Judge. This is a deed of trust, conveying a stock of merchandise, to secure the payment of a debt, and the merchandise is described as consisting of embroideries, laces, &c., now in, or which may, from time to time, be added to said stock in store No. 100, on the west side of Fourth street.

Not a word is said in the deed about the possession of the goods, nor anything about any power of sale, except by the trustee, when the debts fell due. But it is contended that the words " which may be added, from time to time, to said stock," necessarily imply both a retention of possession by the grantor and a power of sale, and therefore bring the deed within the decisions in Stanley v. Bunce, 27 Mo. 270, and Billingsley v. Bunce, 28 Mo. 547.

When a court pronounces a deed of this character void upon its face, the terms should plainly express the right of the grantor to the possession, and his power of disposition of the property, or the implication should be a necessary one. In the case cited, Norris conveyed to his trustees his stock

of goods, and " all goods, wares, and merchandise, which the said Norris may, at any time within twelve months purchase for the purpose of renewing or replenishing " said stock. His notes, bonds and accounts, also created within the year, were to pass. It was impossible to collect from such language as this any other intention than that Norris was to proceed with his business as a merchant, and sell the goods conveyed in the deed. But we do not think the mere expressions referred to in the present deed, as necessarily tending to a conclusion that the grantor was to sell the goods, or to make purchases to replenish the stock. Additions are spoken of, but who was to make them? It is not said the grantor shall do so, or have the power to do so. The additions might be such as the trustee or his agent was authorized to make. Certainly we may conjecture that the grantor was to remain in possession; but the court is not called upon or warranted in pronouncing a deed void upon a mere conjecture. It is easy to show, *aliunde*, how the truth is, and go to the jury on the facts. If they are satisfied that this was the understanding and intentions of the parties, where the deed may be silent on the subject, the same result follows as though there was an express or implied stipulation in the instrument. The jury will pronounce it void, under instructions from the court, if the evidence warrants such a conclusion.

Judgment affirmed.