———<del>+</del>◦◦◦<del>+</del>———

STATE TO THE USE OF JOSEPH M. WERNER, Appellant, *v.* JOHN BYRNE, JR., *et al.* Respondents.

*Attachments — Fraudulent Conveyances.*—Voorhis v. Langsdorf, 31 Mo. 451˙; affirmed.

### *Appeal from St. Louis Circuit Court.*

*N. Holmes*, for appellant.

I. It is submitted that this case is determined by the decisions in *Voorhis v. Langsdorf;* 31 Mo. 451; Voullaire v. Tasker, 31 Mo. 445; and Decker v. D'Oench, 31 Mo. 453, decided since the appeal was taken in this case.

*A. J. P. Garesché*, for respondents.

The deed transferred only merchandise and stock, and its fraudulent character was proven by the plaintiff's witness, in his relation of the *res gestæ*, when called to prove its execution. It was, then, properly excluded.

As conveying only stock or merchandise, the deed in this instance renders the present cause different from those of Tasker v. Voullaire, 31 Mo. p. 445 ; Voorhis v. Langsdorf, 31 Mo. 453, and State to use of Decker v. D'Oench, 31 Mo. 455, and brings it within the scope of the principle laid down in Martin v. Maddox, 24 Mo. 575 ; Martin v. Rice and Maddox, id. 581; Stanley v. Bunce, 27 Mo. 269; Billingsly v. Bunce, 28 Mo. 547 ; Hall v. Webb, 28 Mo. 414. In this last case the Supreme Court define the construction to be put on a deed similar to that in this action.

· The suit of Voorhis v. Langsdorf, 31 Mo. 453, in another respect differs from this, that in that cause no evidence was offered outside of the deed.

Inasmuch as the construction to be by the court given to the deed was that the property should remain with the vendors, and that the witness (proving the execution of the deed) proved this fact of the continued possession of the vendors as part of the *res gestæ* of the execution of the deed, the judgment was for the right party, and the Supreme Court should not reverse. (Crocker v. Mann, 3 Mo. 334, § 472.)

BATES, Judge, delivered the opinion of the court.

The only question in this case is, whether a deed of trust of a stock of goods or merchandise, which, in the description of the things conveyed, has also these words, " and all other goods and chattels which are now or may be hereafter found in my store, No. 82 Market street," is on its face fraudulent and void as against the rights of attaching creditors. The case of Voorhis v. Langsdorf, 31 Mo. 451, precisely covers this case, and to that case we refer for the principles deciding this case. The deed is not on its face fraudulent and void as to creditors.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.