WM. E. LODGE, Plaintiff in Error, *v.* GEORGE W. SAMUELS, EXECUTOR OF E. M. SAMUELS, Defendant in Error.

1. *Fraudulent conveyances — Mortgage of stock in trade, etc.*— A mortgage by A. and B. conveying "the entire stock in the broom-making business lately owned by said A. and B., consisting of all the broom-corn on hand and all the brooms and machinery," showed on its face that the mortgagors were to continue to manufacture the brooms and to sell them, and was therefore fraudulent and void as to creditors and purchasers, under section 1 of the statute concerning fraudulent conveyances.

*Error to St. Louis Circuit Court.*

*S. N. Taylor*, for plaintiff in error.

*S. N. Holliday*, for defendant in error, cited Billingsley v. Bunce, 28 Mo. 547.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of trover and conversion, brought originally against E. M. Samuels for the conversion of two hundred and eighty-five dozen broom-corn brooms. E. M. Samuels died, and the suit was revived against the defendant as his executor.

The plaintiff claimed the brooms by virtue of a chattel mortgage made by George S. Fuller and David Graham, residents of Illinois, to Levander W. Pattison, who assigned the mortgage to plaintiffs. The case shows that Fuller and Graham were in the business of manufacturing and selling brooms at Monticello in Illinois, and after the making of the mortgage, through an agent, shipped the brooms in question to St. Louis for sale, and they were sold to E. M. Samuels by their agent. The deed of mortgage purports to be acknowledged and recorded in Illinois, under the statutes of that State; but whether properly acknowledged and recorded it is unnecessary, under the view we take of the case, to decide. The mortgage conveys to the mortgagee "the entire stock in the broom-making business lately owned by said Pattison and Fuller, consisting of all the broom-corn on hand and all the brooms and machinery." The mortgage states that the mortgagors, Fuller and Graham, are to remain in possession of the

property above described until default is made in the payment of the debts incurred.

After the close of the plaintiff's case the court gave an instruction that, upon the evidence given, the plaintiff was not entitled to recover. Thereupon the plaintiff took a nonsuit, with leave to move to set it aside, which motion was filed and overruled, and the plaintiff appealed to General Term, when the judgment of the Special Term was affirmed, and he has brought the case here by writ of error.

It is plain from the face of this mortgage that the mortgagors were to remain in possession for the purpose of carrying on their business as they had done before. Undoubtedly they were not to cease the business. Their business was to make brooms and sell them. They had on hand brooms ready for sale and broom-corn to make other brooms. This constituted their stock in trade. What is the meaning of "their stock in trade?" Does it not mean what they have to sell as well as the materials to manufacture? The plain meaning of this deed is that they are to continue to manufacture brooms and to sell them. That being the case, the deed was fraudulent and void upon its face as to creditors and purchasers, under the first section of our statute concerning fraudulent conveyances. (See Stanley v. Bunce, 27 Mo. 269; Billingsley's Adm'r v. Bunce, 28 Mo. 547.)

Let the judgment be affirmed. The other judges concur.