WHITE, *Appellant*, v. GRAVES.

1. **Replevin:** FORM OF JUDGMENT FOR DEFENDANT. In an action for the recovery of specific personal property, the plaintiff was put in possession under the writ, and, pending the suit, sold and disposed of the property. The cause coming on to be tried, the decision was in favor of the defendant, who, thereupon, waived his right to have the property returned to him, and elected to take judgment for its value in money, and the judgment was entered accordingly. Plaintiff complaining because the judgement did not order the return of the property or the payment of its value, in the alternative, as provided by Wag. Stat., sec. 12, p. 1026; *Held,* that the judgment was proper. Defendant had a right to make his election before the entry was made, especially in view of the fact that it was out of plaintiff's power to return the property.

2. **Chattel Mortgages, when void as to Creditors.** A mortgage upon a stock of goods which provides that the possession of the

goods shall remain with the mortgagor, is void as against creditors, although recorded, unless it is acknowledged or proved as deeds conveying real estate are required to be acknowledged or proved. Wag. Stat., sec. 8, p. 281. So is one which allows the goods to be disposed of by the mortgagor in the usual course of business, (following *Lodge v. Samuel,* 50 Mo. 204, and other cases).

3. **Replevin**: HUSBAND AND WIFE. When a defendant in an action for the recovery of specific personal property claims the right to the possession as agent for his wife through a chattel mortgage in her favor and a sale thereunder, it is not necessary for him, in order to make good his defense, to show that the money secured by the mortgage was the separate property of his wife, or that the purchase at the sale under the mortgage was made to her use.

4. **Estoppel**: MORTGAGE. A purchaser at a sale under a mortgage is not precluded from denying the validity of an older mortgage by reason of the fact that the auctioneer announced that the sale would be made subject to the older mortgage, and in consequence of this announcement the property was sold at much less than its real value.

5. **Instructions.** It is no error to refuse an instruction which seeks to submit to the jury a question already properly submitted by another instruction, or one which places the party's right to recover on a different ground from that presented by the pleadings and the evidence.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

This was an action instituted February 19th, 1875, against Graves and Heidel, to recover possession of a stock of goods alleged in the petition to be detained by them. The answer denied the allegations of the petition, and averred that the goods were the property of Lavina A. Heidel, wife of defendant Heidel, and that he alone was in possession as her agent and business manager. The plaintiff having given bond, the property was taken by the sheriff and delivered to him, and, pending the suit, was sold by him for $1,486, part of the purchase money being taken in property at an estimated value.

It appeared in evidence that on the 13th day of November, 1874, plaintiff sold Graves the property in question, taking a chattel mortgage on it to secure notes to the

amount of $1,200, given for part of the purchase money. This instrument described the property as "all my stock of dry goods, boots and shoes, hats and caps, and stock in trade generally now in Henry's building in Moberly,      *      *      which stock I am now preparing to move to Dewitt, to remain as stock in trade," and was recorded January 20th, 1875. It was never acknowledged nor proved. Immediately after making the purchase Graves removed the goods to Dewitt, and, on the 2d day of December, 1874, executed another chattel mortgage on the same stock in favor of Mrs. Heidel, to secure a note of $1,000. This mortgage was not acknowledged, but it was recorded January 12th, 1875. The property was sold under it January 18th, 1875, and at the sale defendant Heidel bid it off in bulk at $350. Plaintiff claimed that this mortgage was without consideration, and the mortgage and the sale thereunder were fraudulent, and that Heidel was a party to the fraud, and gave evidence tending to support his claim; also evidence tending to show that it was announced by Guillett, the trustee, at the sale, that the goods were sold subject to plaintiff's mortgage. Defendant gave evidence to the contrary of all this, and also evidence of the value of the goods when they were taken by the sheriff.

Plaintiff presented several declarations of law, which were given by the court, among which was the following : 2. The plaintiff is entitled to recover the stock of goods sued for, unless it has been established by the evidence that defendant Heidel, or his wife, took the chattel mortgage on said stock in good faith.

The following declarations of law, presented by the plaintiff, were refused : 1. That, as against defendant Graves, the finding should be for plaintiff, the execution of the mortgage by him, and the fact that plaintiff's debt secured by the mortgage was due and unpaid at the date of the commencement of this suit, having been proven and not controverted by defendant, if said Graves was in possession of the property sued for when the suit was com-

menced; and although the court may find that plaintiff's mortgage was void, as to Heidel, or his wife, yet if said Heidel was not in possession of the goods at the commencement of the suit, the verdict and finding for him should be only nominal and judgment rendered only for costs; and Heidel should be remitted to an action on the bond against plaintiff, or trespass for taking the goods.  6. There is no evidence in this case that the money alleged to have been paid to Graves was the separate property of L. A. Heidel, or that the alleged purchase was to her separate use.  8. That if the goods were sold by Guillett and purchased by Heidel, subject to White's lien, and Heidel purchased said goods at said sale at a price much below their real value by reason of their being sold in that manner, Heidel is estopped from denying in this suit the right and title of plaintiff.  10. If the mortgage to Heidel was made with intent to defraud the prior creditors of said Graves, even if a valuable consideration was paid by Heidel, then the same is and was void as to such creditors.

The court, sitting as a jury, found the goods were the property of defendant Heidel, in right of his wife, and not the property of plaintiff, and assessed their value at $1,-039.50, and, defendant Heidel, electing to take their value, judgment was rendered in his favor for that amount, and for defendant Graves for costs, and plaintiff appealed.

*Hale & Eads.* for appellant.

*Waters & Winslow* with *John L. Mirick* for respondents.

NORTON, J.—The judgment is sought to be reversed in this case on two grounds, first, because it was not in accordance with the statute; second, because of the refusal of the court to give instructions asked by plaintiff numbered one, six, eight and ten.  The action is for a specific recovery of a stock of goods, which were invoiced to defendant Heidel, by defendant Graves, at $1,900.  The evi-

dence shows that plaintiff, after he was put in possession of the goods by virtue of the writ, sold them for $1,486. The cause was tried by the court, which found that the stock of goods was the property of defendant Heidel in right of his wife, that plaintiff was not entitled to the possession thereof, that the value of the goods taken and delivered to plaintiff was $1,039.50, that the goods had been sold and disposed of by plaintiff so that they could not be returned, and defendant Heidel, electing to take the value of the goods as found by the court, judgment was rendered against plaintiff and his securities, in favor of Heidel, for the said sum of $1,039.50.

It is argued that under Wag. Stat., secs. 11, 12 and 15, p. 1026, the judgment should have been that plaintiff re-1. REPLEVIN: form turn the property taken or pay the assessed of judgment for defendant. value thereof, at the election of defendant, and that this election could only be made by him when the property was delivered to the sheriff. We think the form of the judgment can be upheld under the authorities of the case of *Dilworth v. McKelvy*, 30 Mo. 149. Besides this, we cannot see how the plaintiff, in the light of the facts of the case could possibly be injured by the action of the court in allowing defendant to elect to take judgment for the assessed value of the property. It is shown by the evidence of plaintiff himself that he sold the goods in controversy after receiving them under the writ for $1,486, nearly $450 in excess of their value, as ascertained by the court. He cannot, therefore, be heard to complain. While in actions of this character under section 15, *supra*, a party shall not be required to make his election whether he will take the property or its assessed value till it is delivered to the sheriff, yet if he choose to give up a privilege, and make such election, we can see no reason why he should not be allowed to do so, especially in a case like this, where the evidence shows that it is out of the power of the opposite party to return the property.

The declarations of law numbered one, six, eight and

ten, we think were properly refused. Plaintiff bases his
2. CHATTEL MORT- right of recovery on a mortgage executed by
GAGES, WHEN VOID
AS TO CREDITORS. Graves to him on the 13th day of November,
1874. This mortgage, though it was recorded, was neither
proved nor acknowledged as deeds conveying real estate
are required to be proved or acknowledged, and under its
terms the mortgagor was to remain in possession of the
mortgaged goods. It was, therefore, fraudulent and void
as to creditors. Wag. Stat., § 8, p. 281; *Bevans v. Bolton*,
31 Mo. 437; *Bryson v. Penix*, 18 Mo. 13; 13 Met. 304. It
was also void as to creditors for another reason. It con-
veyed a stock of dry goods, hats and caps which were to
be removed by the mortgagor from Moberly to Dewitt, and
remain as stock in trade. It thus appearing from the
face of the mortgage that the goods were to remain in
possession of the grantor and be disposed of in the usual
course of business, the deed was void. *Billingsly, admr.,
v. Bunce*, 28 Mo. 547; *Brooks v. Wimer*, 20 Mo. 503; *Wal-
ter v. Wimer*, 24 Mo. 63; *Lodge v. Samuel*, 50 Mo. 204. As
between defendant Graves and plaintiff, the mortgage had
validity, and had Graves been in the sole possession of the
goods when this suit was instituted, plaintiff might have
recovered as against him. The petition, however, charges
that the goods were in the possession of Graves and Heidel,
and the evidence tended to show that they were in the sole
possession of Heidel, either as creditor of Graves, under a
mortgage from Graves to Heidel to secure a debt con-
tracted subsequently to the date of plaintiff's mortgage,
or as purchaser at a sale made under his mortgage by one
Guillett. We, therefore, think the first instruction was
rightly refused.

We cannot perceive the relevancy of the point pre-
sented in the sixth instruction to the question in issue. It
3. REPLEVIN: hus- matters not whether the money paid to
band and wife. Graves was the separate property of Lavina
A. Heidel, or the purchase of the goods was to her use.
It could neither strengthen plaintiff's case nor weaken the

defendant's if he was in fact in possession, in the rightful possession of the goods when the suit was commenced.

The eighth instruction may well have been refused on the ground that if White had no valid lien on the goods

4. ESTOPPEL: mortgage. the declaration of Guillett, the auctioneer, could not confer one.

The second instruction having submitted the question of the good faith of Heidel in lending the money to Graves and taking the mortgage to secure its payment, affords a sufficient reason for refusing the tenth declaration. It might also have been refused on the ground that plaintiff did not stand before the court as a creditor, but as one basing his right to recover on a mortgage void as to creditors. Discovering no error, the judgment is affirmed, with the concurrence of the other judges.

AFFIRMED.