Weber v. Armstrong et al., Appellants.

Fraudulent Conveyance: MORTGAGE OF STOCK IN TRADE: RETENTION OF POSSESSION WITH SALES BY MORTGAGEOR. A chattel mortgage executed by a firm of druggists and duly recorded, covering "all their stock of drugs and fixtures contained in their drug store," and containing a provision that upon default of payment of the debt the mortgageor might enter and take the property, and, upon giving a prescribed notice, sell the same, is not void upon its face, as a conveyance to the use of the mortgageor. It authorizes him to retain possession, but under section 8 of the statute concerning fraudulent conveyances, (Wag. Stat., p. 281,) this alone does not invalidate a recorded mortgage; and there is no implied reservation of a power of sale in the mortgageor growing out of the nature of the property, (overruling *Lodge v. Samuel*, 50 Mo. 204).

If sales have been made after the execution of such mortgage, it should be left to the jury to determine whether they were made in pursuance of an agreement or understanding between the parties If they were, the mortgage would be fraudulent.

*Appeal from Louisiana Court of Common Pleas.*—HON. G. PORTER, Judge.

REVERSED.

*Robinson & Smith* for appellant.

1. The mortgage from Armstrong to Weber was not fraudulent on its face. There was nothing in it giving Armstrong the right to remain in possession of the goods and sell them for his own benefit; and the power to sell must have been given to Armstrong in the mortgage itself, before the court could, as a matter of law, declare it fraudulent. When the mortgage is not fraudulent on its face, the court cannot hear evidence, and then, as a matter of

law, declare it fraudulent. *Zeigler v. Maddox*, 26 Mo. 575; *Johnson v. McAllister*, 30 Mo. 327. 2. The retention of the possession of the mortgaged property by the mortgageor did not make, nor tend to make, the mortgage fraudulent. See *Howell v. Bell*, 29 Mo. 135; Wag. Stat , § 8, p. 281. 3. The oral testimony introduced by plaintiff did not help his case. It did not tend to show any agreement between Armstrong and Weber by which Armstrong was to retain possession, with power to sell, for his own benefit. And while it showed that Armstrong did remain in possession, and sell, it failed to show that he did so in pursuance of any agreement with Weber, or with Weber's knowledge and consent. See *Metzner v. Graham*, 57 Mo. 404, and page 409.

*O. C. Bryson* for respondent.

1. The mortgage is a conveyance to the use of the grantors, and is fraudulent and void. Wag. Stat., § 1, p. 279. It affirmatively shows that it is to the use of the grantors. The same language used in other deeds has been repeatedly construed by this court and held to imply that the grantors are to remain in possession and dispose of the goods for their own benefit. On the question of possession the deed itself is plain, since it provides that "the mortgagees in default may take possession," thereby clearly implying that till then the grantors remain in possession. *Lodge v. Samuel*, 50 Mo. 204; *Stanley v. Bunce*, 27 Mo. 269; *Billingsley v. Bunce*, 28 Mo. 547. 2. Not only does the deed, on its face, appear to be fraudulent as showing that the grantors were to remain in possession and continue to sell, &c., in ordinary course of business, but that such was the understanding between the parties thereto, and that the grantors did actually remain in possession of and sell, &c., the goods, is amply established by the testimony.

Hough, J.—This was a suit by attachment, instituted on the 13th day of June, 1876, on the ground that the defendants had fraudulently conveyed or assigned their property or effects so as to hinder or delay their creditors.

It appears from the record that on the 12th day of February, 1876, the defendants executed to Meyer Bros. & Co., a mortgage on "all their stock of drugs and fixtures contained in their drug store," in the city of Louisiana, to secure the payment of certain promissory notes. This mortgage, which was duly recorded on the 14th day of February, 1876, provided that in the event of default of either of said notes, "the said Meyer Bros. & Co. may enter and take the property hereby conveyed," and after giving the prescribed notice proceed to sell, &c. The mortgageors remained in possession of the stock mortgaged and continued to make sales therefrom as usual.

The court below declared the mortgage to be void upon its face under the 1st section of the statute on fraudulent conveyances, as having been made to the use of the grantors. The 8th section of this statute provides that no mortgage of personal property shall be valid except between the parties thereto, where the mortgageor retains possession of the mortgaged property, unless the mortgage be acknowledged and recorded in the manner provided for conveyances of land; (Wag. Stat., § 8, p. 281;) and this court has repeatedly decided that the mere possession of the property by the grantor will not defeat the mortgage. Where, however, such possession is coupled with a power of disposition in the grantor, the mortgage will be held to be fraudulent; and if it appears on the face of the instrument, either expressly or by necessary implication, that the grantor is to retain possession with a power of sale, the court will declare the deed to be void as a matter of law. *Stanley v. Bunce*, 27 Mo. 269 ; *Billingsley v. Bunce*, 28 Mo. 547 ; *State to use of Voullaire v. Tasker*, 31 Mo. 445 ; *Voorhis v. Langsdorf*, 31 Mo. 451 ; *State to use of Decker v.*

*D'Oench,* 31 Mo. 453. But the court will not hear extriasic evidence in relation to the validity of a conveyance and on such evidence, as a matter of law, pronounce the conveyance void. *Johnson v. McAllister,* 30 Mo. 327.

It is evident from the terms of the mortgage before us, that the grantor was to remain in possession, as it was stipulated that the mortgagee might enter and take possession in the event of default in the payment of any of the notes; but there is not a syllable in the instrument from which it can be fairly implied, much less from which it must necessarily be implied, that the grantors were to have the power to sell. We are not unmindful of the fact that the property conveyed was merchandise which was purchased and held, up to the date of the mortgage, for the purpose of being sold. This fact, however, cannot vary the interpretation of the deed. It may give rise to conjecture, but as was observed by Judge NAPTON in the case of *Voorhis v. Langsdorf, supra,* courts are not warranted in pronouncing deeds to be void upon conjecture merely.

Under the provisions of the 8th section of the statute above cited, personal property of every character may be safely left in the possession of the grantor, provided the mortgage is acknowledged and recorded as therein required. No exception is made by the statute, and this court has no power to create one. No matter what may be the character of the property, or the business of the grantor, the very stipulations of the deed that the property shall be held to secure the debt, and that upon default in payment the mortgagee may take possession thereof, and sell the same, are in effect; stipulations that the grantor will not sell it, and unless there are other provisions in the deed expressly authorizing the grantor to sell, or from which it must necessarily be implied that he has a power of sale, the deed cannot be held void upon its face. The case of *Lodge v. Samuels,* 50 Mo. 204, seems to have been decided upon a different theory; but we do not regard that case as being in harmony with the statute or valuable as a prec-

edent. Whether there was any agreement or understanding in the case at bar, between the grantees and grantors, that the latter should continue business with the mortgaged stock, and make sales thereof, was a question of fact for the jury. The judgment of the court of common pleas will be reversed, and the cause remanded. The other judges concur.