HUBBELL et al. v. ALLEN et al., Appellants.

1. **Replevin**: MORTGAGES ON DIFFERENT STOCKS OF GOODS : INTER-MINGLING OF GOODS : RIGHTS OF MORTGAGEES. Parties holding a mortgage on a stock of goods which are subsequently removed by the mortgageor with their consent and combined with another stock belonging to him, upon which other parties hold mortgages, can, by replevin, only obtain possession of the goods removed, where they claim only by virtue of their mortgage.

2. **Mortgage of Chattels** : POSSESSION OF MORTGAGEOR. A stipulation in a chattel mortgage, whereby the mortgageor is to remain in possession, with authority to sell and apply the proceeds of the sales to the payment of the mortgage debt, does not render the mortgage fraudulent on its face, the power to sell not being for the use of the mortgageor.

*Appeal from Barry Circuit Court.* — HON. W. F. GEIGER, Judge.

REVERSED.

*N. Gibbs, Geo. Hubbert* and *T. M. Allen* for appellants.

(1) The chattel mortgage on which respondents sought to recover the property in controversy, is fraudulent and void upon its face, for it expressly provides that the mortgageor shall remain in possession and sell. *Lodge v. Samuels*, 50 Mo. 204; *White v. Graves*, 68 Mo. 218, 223; *Robinson v. Elliott*, 22 Wall. 513; Pierce on Mortgages of Merchandise, sec. 68, and authorities cited. (2) If the mortgage was not void upon its face, yet, when taken in connection with the relations of the parties (the one a wholesale dealer and the other a retail dealer), and the subsequent dealings between them, the mortgage should have been found by the court sitting as a jury to be fraudulent and void in fact. *State to use v. Tasker*, 31 Mo. 445; *State to use v. D'Oench*,

31 Mo. 453; *Weber v. Armstrong*, 70 Mo. 217; *Hewson v. Tootle*, 72 Mo. 632; Pierce on Mortgages of Merchandise, ·sec. 147. (3) The appellants were rightfully in possession of the property in controversy. The respondents' mortgage (even if valid) was only on the Cassville stock and fixtures and furniture, and on that stock, fixtures and furniture, there was · a prior mortgage to Amos Horner (one of appellants); his mortgage is admitted to be valid and the debt just and due and unpaid, and he in possession. His possession is certainly legal, yet the court gave judgment against him. (4) Respondents had no lien upon, and had no interest in, the Exeter stock. That stock was mortgaged to the appellants, Pilant and Rebstock, and the mortgageor, by consent of respondents, removed the Cassville stock to Exeter, and there mixed and mingled the two stocks together indiscriminately, so that they could no longer be identified. The intermingled and combined stocks were then, by consent of mortgageor, taken possession of by said appellants under their mortgages (which were due and unpaid), and also by appellant, Amos Horner, upon his prior mortgage on the Cassville stock, and were by them sold to make therefrom their debts, when replevied by respondents. By this mixing of the stocks by respondents' assent, they lost their right to replevy the Cassville stock. Herman on Chattel Mortgages [2 Ed.] 43, and citations; Jones on Chattel Mortgages, secs. 481, 483; Wells on Replevin, sec. 197; *Mahoney v. Smith*, 7 Mo. App. 578. (5) There is no pretense of any right in respondents to recover the Exeter stock. (6) The respondents, at best, in case of a failure of payment, only had a right to take possession of enough of the Cassville stock to pay said indebtedness. (7) There is no pretense in the record that either of the mortgages to Pilant, to Rebstock, or to Amos Horner, was fraudulent.

*A. H. Wear* and *W. C. Price* for respondents. ·

BLACK, J.—This was an action of replevin. The record discloses the following facts: John T. Horner owned two small drug stores, one at Cassville, and the other at Exeter, villages some four miles apart. He made two mortgages on the Cassville stock, fixtures and furniture, one to secure a debt due to the plaintiffs, Hubbell & Company, and the other to secure a debt to the defendant, Amos Horner. The mortgage to Amos Horner was acknowledged and recorded on the sixteenth, and that to the plaintiffs on the twentieth of January, 1882. About the same time he made two mortgages on the Exeter store, one in favor of defendant, Pilant, and the other to defendant, Rebstock. The mortgageor then removed the Cassville store to Exeter and there combined the two stocks. Shortly after this the defendants, acting together and with the consent of the mortgageor, took possession of the combined stocks, and were proceeding to make their debts, which are conceded to be just and unpaid, when the plaintiffs commenced this suit, and under the order of delivery got possession of all of the property, and for which they recovered judgment on a trial by the court without a jury.

It is clear the judgment must be reversed, for the plaintiffs do not claim the property save by virtue of their mortgage, and that covered no part of the Exeter stock, furniture or fixtures, and as to that property the defendants should have prevailed. · Amos Horner's mortgage upon the Cassville store was prior to the plaintiffs' mortgage on the same property. Unless the Amos Horner mortgage was, for some reason, invalid, in whole or in part, the plaintiffs were not entitled to recover any part of that stock, furniture or fixtures. We cannot see from the record before us that the validity of that mortgage was questioned in the trial court, and no such

question is urged here.    Indeed, the respondents make no appearance in this court.

The defendants insist that the plaintiffs' mortgage is fraudulent on its face, and an instruction to that effect was refused.    The mortgage contains this provision : "I, the said J. T. Horner, hereby bind myself, in consideration that I am to keep the possession of said drugs and medicines, fixtures and furniture, for the purpose of selling and paying said indebtedness, to keep strict account of sales," etc.    If the two payments provided for are not made at the times stated then the mortgagee has the right to take possession.    If it appears upon the face of a chattel mortgage that the mortgageor is to retain possession and have the power to sell and dispose of the property in the course of his business for his own benefit, then it is fraudulent as to creditors and purchasers, because made to the use of the mortgageor, and the courts will so declare as a matter of law without regard to the intention of the parties.    *Bullene v. Barrett*, 87 Mo. 186 ; *White v. Graves*, 68 Mo. 218 ; *Weber v. Armstrong*, 70 Mo. 217 ; *Lodge v. Samuels*, 50 Mo. 204.    But it was held in *Metzner v. Graham*, 57 Mo. 404, that a stipulation whereby the mortgageor was to remain in possession with authority to sell, by applying the proceeds of sales to the payment of the secured debt, did not render the mortgage fraudulent on its face, for the power to sell was not for the use of the mortgageor.    So here the authority to sell is expressed to be given for the purpose of paying the secured debt, and to that end a strict account of sales is to be kept.    The present case does not come within the rule first stated, but is in all material respects like the case last cited ; the instruction was, therefore, properly refused.

The judgment is reversed and the cause remanded for trial anew.    All concur.