McCarthy v. Miller & Co.

---

FANNIE McCARTHY, and her Husband, Respondents, v. E. H. MILLER & Co., Appellants.

Kansas City Court of Appeals, May 12, 1890.

1. **Chattel Mortgage**: DISPOSAL OF MORTGAGED PROPERTY. Where the evidence shows that the mortgagor had a right to dispose of the mortgaged property, and that he did at different times do so, selling, with consent of the mortgagee, the property from under the lien of the mortgage and retaining the proceeds, a court of equity should declare such mortgage void.

2. ———: SUBSTITUTION OF OTHER PROPERTY. Where the mortgagor could make sales as he saw fit, if he replaced something in its place, the mortgage is void, as there can be no real security where there is no certain lien.

3. ——— : VOID ON FACE : EXTRINSIC EVIDENCE : LAW AND EQUITY. While it is the rule that a mortgage will only be declared void as a matter of law, when it appears from its face that it is to the use of the grantor, and extrinsic evidence will not be heard in order to pronounce a conveyance void as matter of law, yet, where the evidence shows the mortgage void, a court of equity will so declare it, and a court of law should so instruct peremptorily.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED.

*H. Lithgow*, for appellant.

(1) Every deed of gift and conveyance of goods and chattels, in trust, to the use of the persons so making such deed of gift or conveyance, is declared to be void as against creditors, existing and subsequent, and purchasers. R. S. 1879, sec. 2496. The court should have found for defendants, under the evidence in this case. The testimony of mortgagee (respondent), at pages 60, 61, 62 and 63 of record, shows that the mortgagor was to remain in possession of the property, sell and dispose of it, and not account for the proceeds of sales. This mortgage being for the use of the person making it, and prohibited by the terms of the above statute, was fraudulent as to creditors. *State to use v. Jacob*, 2 Mo. App. 183; *Thompson v. Foerstel*, 2 Mo. App. 290; *State to use v. Nauert*, 2 Mo. App. 295; *Cordes v. Straszer*, 8 Mo. App. 61; *Brooks v. Wimer*, 20 Mo. 503; *Walter v. Wimer*, 24 Mo. 63; *Stanley v. Bruner*, 27 Mo. 270; *Reed v. Pelletier*, 28 Mo. 177; *Voorhis v. Langsdorf*, 31 Mo. 451; *State to use v. Tasker*, 31 Mo. 445; *Crow v. Beardsley*, 68 Mo. 435; *Shelley v. Boothe*, 73 Mo. 77; *Stone v. Spencer*, 77 Mo. 356; *Holmes v. Braidwood*, 82 Mo. 611. (2) Although the mortgage on its face was good, yet, under the evidence, it was fraudulent in fact. *Hisey v. Goodwin*, 90

Mo. 366; *Caton v. Collins,* 2 Mo. App. 225. Even though it was made to secure a *bona fide* debt. *Thompson v. Foerstel, supra ; Holmes v. Braidwood,* 82 Mo. 611; *Nasse v. Algermissen,* 25 Mo. App. 187; *Stone v. Spencer, supra ; Cordes v. Straszer, supra,* and authorities cited. ( 3 ) Respondents had an adequate remedy at law, being a *feme sole* as to this property. Sess. Acts, 1883, p. 113. The doctrine of estoppel *in pais* should apply in this case, it being the separate personal estate of respondent, a married woman. *Cottrell v. Spiess,* 23 Mo. App. 35; *Rannels v. Garner,* 80 Mo. 483; *Dunifer v. Jecks,* 87 Mo. 282. ( 4 ) Where the mortgage is between persons related to each other and holding confidential relations, as husband and wife, it is subject to more jealous scrutiny than as between strangers, and the parties are held to fuller and stricter construction of the fairness of such transactions when they conflict with the rights of others. Bump on Fraud. Con. 54, *et seq.; Renney v. Williams,* 89 Mo. 139; *Leavitt v. La Force,* 71 Mo. 353.

*Chase & Powell,* for respondent.

( 1 ) To have rendered the mortgage in evidence of which appellants complain fraudulent upon the ground that it was for use of person making it, it must have appeared upon the face, or by necessary implication, that the grantor remaining in possession had the right to dispose of the property in like manner as though it was not mortgaged. *Voorhis v. Langsdorf,* 31 Mo. 451; *Weber v. Armstrong,* 70 Mo. 219; *State to use v. D'Oench,* 31 Mo. 453; *State to use v. Byrne,* 35 Mo. 147. ( 2 ) But appellant now claims that, though mortgage on its face was good, yet under the evidence it was fraudulent in fact. *Nicholson v. Golden,* 27 Mo. App. 132, and cases cited. ( 3 ) We hardly deem it necessary to reply to position of appellants that plaintiff had an adequate remedy at law, since mortgage was

made by husband to wife. The section of Session Acts of 1883, page 13, cited, does not apply as same was not in force when money loaned became property of plaintiff. *Roberts v. Walker*, 82 Mo. 208. (4) The doctrine of estoppel does not apply for the reason that the plaintiff had never represented, or induced E. M. Miller & Co. to believe, that her husband was the owner of the property involved, or that she had not a mortgage upon same when Miller & Co. took the note of defendant F. T. McCarthy, upon which their execution was procured. Hence, authorities cited by appellant upon this point do not apply to this cause. (5) The relationship between the parties is not sufficient to establish fraud. It is not even a suspicious circumstance, when taken in connection with the fact that the plaintiff, at the time she loaned her money to F. T. McCarthy, was his promised bride, and that he then did not owe any person. His neglect in not providing some security for such a loan would have evidenced the grossest disregard of the most sacred obligations.

ELLISON, J.—Defendants, E. M. Miller & Co., obtained judgment against F. T. McCarthy, and had execution issued and levied upon a horse and side-bar buggy as the property of said McCarthy. Plaintiff Fannie, who is McCarthy's wife, in conjunction with him, instituted this injunction proceedings against the constable and other defendants to restrain the sale, alleging that she had a chattel mortgage on the property, executed to her by her husband, which was unpaid. The injunction was made perpetual by the circuit court, and defendants appeal.

The mortgage is on the property in dispute, as well as other horses. It contains the usual provisions, permitting the husband to remain in possession until default, "but, in case of a sale or disposal, or attempt to sell or dispose, of said property, or a removal, or

attempt to remove," etc., the said Mrs. McCarthy "could take the property into her possession," etc. The mortgage, on its face, is valid, but we shall declare it to be void, on the evidence adduced. It was given on nineteen head of horses, including the one levied upon, and a buggy. The evidence of both husband and wife (mortgagor and mortgagee) establishes, without contradiction, that he had the right to dispose of the property by sale or exchange; and that he did, at different times, "trade" six of the horses. On one trade he got twenty dollars in money as a difference in value. He also sold two of the horses in liquidation of a grain or feed bill, which he was owing. This was all done with the knowledge and consent of Mrs. McCarthy, and without her getting any of the proceeds of the transactions. Her note was not reduced. But it would seem, from the tenor of Mrs. McCarthy's testimony, that she regarded the fact of her knowledge of these transactions at the time, and permitting them, as thereby making them valid. The reverse of this is true. It is her knowledge and permission which makes them invalid. It must be borne in mind that this was not a mere exercise of a right of a mortgagor in possession to sell, subject to the mortgage, the mortgagee still retaining the lien, but the case shows it to have been a sale, by consent of the mortgagee, from under the lien.

One portion of her testimony tends to show that he could make sales "as he saw fit, if he replaced something in its place." If such should be considered the agreement between them, then it would still render the mortgage void under the view taken in this state. *Walter v. Wimer*, 24 Mo. 63; *Stanley v. Bunce*, 27 Mo. 269; *Goddard v. Jones*, 78 Mo. 518. In the latter case it is said: "That, while the deed under consideration does not, in express terms, authorize the grantor to sell and dispose of the property, the power to do so is implied from the authority, expressly given, to substitute other

McCarthy v. Miller & Co.

property of the kind conveyed." Such substitution can be no more nor less than replenishing a diminished lot of personal property, which is not permissible. Authorities cited, *supra*. In truth (as was said in *Brown v. Elliott*, 22 Wall. 513), the mortgage, if it can be so called, is but an expression of confidence, for there can be no real security where there is no certain lien. Whatever may have been the motive which actuated the parties to this instrument, it is manifest that the necessary result of what they did do was to allow the mortgagor, under cover of the mortgage, to sell the property as his own, and appropriate the proceeds to his own purposes, and this, too, for an indefinite length of time. This position renders it unnecessary to consider a second mortgage, which was, some time afterwards, given on four of the exchanged horses.

II.   We are aware that the rule is that a mortgage will only be declared void as a matter of law when it appears from its face that it is to the use of the grantor; and that it has been said "that the court will not hear extrinsic evidence in relation to the validity of the conveyance, and, on such evidence, as a matter of law, pronounce the conveyance void." *Weber v. Armstrong*, 70 Mo. 217. Nor do we find this deed to be void as a matter of law. We so find it from the evidence, which it is our duty to examine in a case of this kind. But, if this had been a jury case, and the testimony of the plaintiffs themselves unequivocally disclosed facts which rendered the mortgage void, it would be the duty of the court, as in other cases, to give a peremptory instruction.

The judgment will be reversed.   All concur.