STATE OF MISSOURI TO THE USE OF KATE HENGESBACH
v. NELSON DISTILLING COMPANY, Appellant.

### St. Louis Court of Appeals, January 15, 1895.

1. **Chattel Mortgage:** CONSTRUCTIVE FRAUD: LAW AND FACT. A mortgage can not on its face be declared to be to the use of the mortgagor by reason of the reservation by him of a power to sell the mortgaged chattels, unless such power is either expressly conferred by it or must necessarily be inferred from its terms.

2. ———: ———: CURING THE FRAUD. *Held,* in the course of discussion, that constructive fraud in a chattel mortgage by reason of a power in the mortgagor to sell the mortgaged chattels is cured, if the mortgagee takes possession of these chattels after condition broken and before any levy thereon.

3. **Sales:** EFFECT OF PRIOR CONSTRUCTIVELY FRAUDULENT CHATTEL MORTGAGE. The fact that a chattel mortgage is constructively fraudulent as to the creditors of the mortgagor by reason of the reservation of a power of sale by him, will not affect the validity of a sale of the mortgaged chattels, made without fraud in fact by the mortgagor to the mortgagee in satisfaction of the mortgage debt.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Henry B. Davis* for appellant.

No brief filed for respondent.

BIGGS, J.—This is an action on an indemnifying bond. The defendant sued the firm of Huffman & Gersbacher by attachment. A stock of goods was seized under the writ as the property of the firm. The relatrix filed with the constable a verified claim of the property, the defendant gave the bond in suit, and the goods were sold under the attachment proceedings.

In the present action the relatrix claimed, and her evidence tended to prove, a prior purchase of the goods by her from Huffman and Gersbacher. The answer of the defendant is a general denial, and also that whatever claim or interest the relatrix had in the goods was fraudulently obtained as against the creditors of Huffman & Gersbacher. The cause was submitted to the court without a jury. The judgment was for the plaintiff for the penalty of the bond, with an award of execution for the full amount. The defendant has appealed.

The facts in the case are substantially as follows: The attachment was served on the thirteenth day of November, 1893. On the seventh day of September preceding, Huffman & Gersbacher executed to the relatrix a chattel mortgage on the goods in question, for the purpose of securing an alleged indebtedness from them to her of $500. The debt was represented by ten promissory notes of $50 each, due respectively in as many months. The mortgage contained this provision: "The property hereby sold and conveyed to remain in her (their) possession until default be made in the payment of the said debt and interest, or some part thereof; but in case of a sale or disposal, or attempt to sell or dispose of said property, or a removal or attempt to remove the same from No. 2628 North Jefferson avenue, in said city of St. Louis, Missouri, or any unreasonable depreciation in value thereof, the said Mrs. Kate Hengesbach (relatrix) may take the said property, or any part thereof, into her or their (sic) possession." The mortgage was duly recorded on the fifteenth day of September. On the seventh day of November, Huffman & Gersbacher executed and delivered to the relatrix a bill of sale for the entire stock of goods and fixtures The consideration stated in the writing was $500. The evi-

dence tended further to show that, at the time the bill of sale was given, the keys of the store room were turned over to the relatrix, and she put a man in charge of the establishment, and had the old sign of Huffman & Gersbacher obliterated. There was also evidence tending to prove that the indebtedness mentioned in the mortgage was valid; that the mortgage was executed in good faith, and that the subsequent sale to relatrix was in satisfaction of her debt. Huffman and Gersbacher testified that they continued to sell the goods in the usual course of trade up to the day the bill of sale was executed, and that, after that time, they had nothing further to do with the business.

We have examined the record and have found but one error, and that is an immaterial one, and was in favor of the defendant. The court at the instance of the defendant, instructed the jury, as a matter of law, that the mortgage was fraudulent, having been made to the use of the grantors. This was error. The circuit court was doubtless misled by the decision of Judge ADAMS in the case of *Lodge v. Samuels, Ex'r*, 50 Mo. 204. There the mortgage conveyed the entire stock in a broom manufacturing establishment. It was held by Judge ADAMS that the plain meaning of the deed was that the grantors should remain in possession and continue to manufacture and sell brooms, and that for that reason the mortgage should, as a matter of law, be declared fraudulent and void as to the creditors of the grantor. But the doctrine of that case was overruled in the subsequent case of *Weber v. Armstrong*, 70 Mo. 217. It was there held that, unless a chattel mortgage expressly authorizes the mortgagor to sell, or its terms are such that such power must *necessarily* be inferred, it can not upon its face be held to have been executed for the use of the mortgagor. In the mortgage here there is nothing expressly authorizing Huffman & Gers-

bacher to sell the stock of goods. On the contrary the instrument in terms prohibits them from selling, or in any manner disposing of the property. Therefore the defendant's instruction was erroneous.

There is no substantial evidence in the case that the debt of Huffman & Gersbacher to the relatrix was not *bona fide*; nor is there anything to show fraud in fact in the execution of the mortgage. There was evidence tending to prove the execution and delivery of the bill of sale; that it was executed in settlement of the mortgage debt, and that the value of the goods was not materially in excess of the debt; that the goods were immediately delivered to the relatrix, and were in the actual possession of her agent at the time the defendant's writ of attachment was levied. Therefore the defendant is conclusively bound by the finding and judgment of the circuit court.

The fact that the mortgage may have been constructively fraudulent by reason of the authority to sell in the grantors, is a matter of no moment. The relatrix claimed title to the goods under the bill of sale, and the presumption is that the court so found. But, if she had claimed under the mortgage, her subsequent possession after condition broken would have purged the transaction of the fraud. *Dobyns v. Meyer*, 95 Mo. 132.

The judgment of the circuit court will be affirmed. All the judges concur.