Gaston, Judge.'
 

 — It is possible, that an inspection of the records on the suits wherein the respective judgments were rendered and executions issued in behalf of the creditors, against the garnishee, might enable us tosee more distinctly the facts out of which this controversy has arisen. But these are not referred to as making any part of the present case, and we have no right to invoke them as evidence. Confining our attention to the case before us, we are obliged to understand that a judgment was rendered in
 
 *220
 
 favour of Myers against Potts, for a sum of money, to answer such recovery as he might eifect against Yan Buskirk; and that at the same term, a judgment was also rendered in favour of Freeman and Houston, against Potts for the same amount, to answer such recovery as they might effect against the same defendant. If these two judgments were for one and the same debt due from Potts to the defendant in the attachments, it would seem as if gross injustice had been done to Potts. He could certainly have prevented this, by distinctly stating in his second garnishment, that he owed nothing to the defendant beyond a certain sum, which was already confessed to another plaintiff in attachment, and condemned to answer
 
 his
 
 recovery. But there are two judgments against him, and upon these, executions severally issue tested of the same term, which are delivered to the same sheriff. He is not only not bound, but is not at liberty to look beyond these executions. It is his duty to levy the amount commanded in each, if the defendant has the ability to pay. What is raised upon them is, according to a series of adjudications which cannot be disturbed, to be distributed
 
 pro rata
 
 among the execution creditors, and for the balance not collected, they can proceed against the sheriff or their debtor, accordingly as circumstances may render one or the other course expedient. There may be facts not appearing before us, and which perhaps could not with propriety, be made to appear upon this application, which would, if shown to the proper tribunal, cause one or the other of these creditors to be inhibited from obtaining satisfaction of their judgment against Potts. But in the present state of things, we think no other decision could have been rightfully rendered, than that which was pronounced in the Superior Court.
 

 Per Curiam. Judgment affirmed.