Pearson, C. J.
 

 The attachment law, Rev. Code, chap.
 
 1,
 
 sec. 1, provides, “the attachment shall be deemed the lead-, ing process, and the same proceedings shall be had thereon as on judicial attachments.” The court law, Rev. Code, ch. 31, sec. 52, provides, “ when the sheriff shall return in a civil action, that the defendant is not to be found in his county, the plaintiff may, at his election, sue out an attachment against the estate of such defendant,” “ and the estate so attached, if not replevied, or sold, according to the rules prescribed for
 
 *165
 
 estates taken in original attachment,
 
 shall remain in the custody of the sheriff until jmal
 
 judgment,
 
 and then be disposed of in the same manner as estates taken in execution on a writ of fieri
 
 facias.” Thus, it will be seen, that property taken under an original attachment, is in the custody of the sheriff from the
 
 date of the
 
 levy, in the same manner as if it had been taken under a
 
 fieri facials ;
 
 and the consequence is, that the attaching creditor acquires a lien from the date of the levy. This is the only construction that the statute admits of, although, as was forcibly urged on the ai’gument, the effect is to give to a creditor, who proceeds by attachment, an advantage in respect to the property, over a creditor who proceeds by an ordinary writ; for, although he may have issued his writ before the attachment was levied, still, he can acquii’eno lien until he gets his judgment; so, he may start first, and get judgment first, and yet the attaching creditor' is entitled to be first satisfied, because his lien took effect by force of the levy.
 

 It seems to have been considered necessary to make the attachment bind from the levy, for if the estate attached could afterwards be taken away, this “ leading process” would be left without a foundation to rest on ; and it was, no doubt, taken into consideration, that the advantage which the attaching creditor acquired, as a consequence thereof, in respect to the
 
 property
 
 of the debtor, was compensated for by the fact, that the creditor, suing by writ, had a lien on
 
 the body
 
 of the debtor, and could resort to the bail, for his satisfaction; whereas the former had nothing to rely on, but the estate attached, and in regard to any other property of the debtor, the creditors were left to acquire priority by the test of their respective executions.
 

 Upon an examination of the authorities, we find this construction of the statute is settled, and we can see no sufficient reason for disturbing it. In
 
 Amyett
 
 v. Backhouse, 3 Murph. Rep. 63, it is assumed, that the attachment created a lien from the date of the levy, although the case goes off on the ground that the lien was lost, because it was not followed up by a
 
 vendi
 
 
 *166
 

 tioni exponas,
 
 but had been waived by suing out a
 
 fieri facias.
 
 So, in
 
 Harbin
 
 v.
 
 Carson,
 
 4 Dev. and Bat. Rep. 388, the lien of the attachment, from the date of the levy, is assumed, and the decision goes so far, in order to give effect to it, as to hold that a purchaser, at a sale, under the
 
 venditioni exponas,
 
 was entitled to the land in preference to one, who had before purchased at a sale by the sheriff under a
 
 fieri faoias,
 
 which bore test after the date of the levy of the attachment. We are not prepared to say, that we could follow that case to the extreme of holding that a purchase under the
 
 venditioni ex-ponas,
 
 divested the title previously acquired by a purchaser under a
 
 fieri faoias,
 
 but the case shows how entirely settled, the principle of the lien of the attachment was considered to be.
 

 This quere, as to
 
 Harbin
 
 v.
 
 Carson,
 
 is predicated on the ground of along established principle in favor of purchasers at sheriffs’ sale. A title thus acquired, is not allowed to be disturbed by the lien of a senior
 
 fieri faoias,
 
 or of an elegit, or as it would seem, of an attachment;
 
 Green
 
 v.
 
 Johnson,
 
 2 Hawks’ Rep. 309 ;
 
 Ricks
 
 v.
 
 Blount,
 
 4 Dev. Rep. 128 ; where the matter is elaborately discussed. In short, the books are full of cases, fixing the principle in favor of a purchaser at sheriffs’ sale and leaving the creditors to contest, in respect to the distribution of the money made by the sale, as in our case.
 

 We entirely concur with his Honor, who presided in the Court below, as to the manner of distributing this fund. The attaching creditors acquired a lien by the levies, subject to the execution bearing a prior test. When that is satisfied, these levies attach as if there had been no such execution.
 

 Pur Curiam,
 

 Judgment affirmed.