————o————

HERMAN METZNER, Appellant, vs. ROBERT M. GRAHAM, Respondent.

1. *Mortgage, chattel—Sale of mortgaged stock by mortgagor, etc.—Statute of Frauds.*—Where a mortgagor of chattels, by the terms of the instrument is not permitted to sell or dispose of them for his own use, but is required to apply the proceeds to the discharge of the debt secured by the mortgage, the deed is not void as being for the use of the mortgagor. (Brooks vs. Wimer, 20 Mo., 503; Stanley vs. Bunce, 27 Mo., 269; Billingsley vs. Bunce, 28 Mo., 547, referred to).

2. *Sheriff—Seizure of goods attached by, on execution issued from another court—Duty of sheriff—Mode of settling claims.*—A sheriff who holds property in his possession under a writ of attachment, and awaiting judgment in the attachment suit, cannot seize and sell the same property on a special execution, issued by another court of co-ordinate jurisdiction, in a proceeding commenced subsequent to the levy of the attachment.

Metzner v. Graham.

The goods attached are in the custody of the law, until disposed of by a final judgment, and meanwhile, are beyond seizure by any execution or attachment. In such case the sheriff should return the execution to the court from whence it issued, with the indorsement thereon that the property is in his possession, under a writ from a different court, and the plaintiff in the execution may then, under the statute (Wagn. Stat., p. 191, § 50,) be transferred to the court in which the attachment originated, and the conflicting claims be there settled.

3. *Courts, co-ordinate—Conflict of authority as to custody of property under attachment or execution.*—In case of a conflict of two co-ordinate courts, as to the jurisdiction over property, it is the universal rule, that the tribunal in which jurisdiction first attaches by the seizure and custody thereof under its process, must prevail.

*Appeal from Linn County Court of Common Pleas.*

*C. H. Mansur*, for Appellant.

I. It is said that "whenever property has been seized by an officer of the court, by virtue of its process, the property is to be considered as in the custody of the court and under its control, for the time being ; and no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises. (Buck vs. Colbath, 3 Wal., 341 ; Hagan vs. Lucas, 10 Pet., 400 ; Taylor vs. Carryl, 20 How., 585 ; Freeman vs. Howe, 21 How., 450 ; Helmrock vs. Stark, 53 Mo., 590, and especially.Mollison vs. Eaton, 16 Minn., 426.)

II. An officer decides at his peril, between two different claimants in execution. (Howard vs. Clark, 43 Mo., 344 ; Denton vs. Livingston, 9 Johns., 96.)

III. The mortgage showed, as a matter of law, upon its face, that it was null and void ; for it permitted the mortgagor to dispose of the property in the ordinary course of his business. (Milburn vs. Wright, 11 Mo., 369 ; Brooks vs. Wimer, 20 Mo., 503 ; Reed vs. Pelletier, 28 Mo., 173 ; Billingsley vs. Bunce, 28 Mo., 547.)

*Broaddus & Pollard*, for Respondent.

I. Appellant had notice of the mortgage, and the pending of the suit of Ewing to foreclose it, and it was his duty to make himself a party thereto and have his rights litigated.

II. In selling the property the sheriff acted under the order of the Circuit Court in the suit to foreclose the mortgage. He had no discretion.

VORIES, Judge, delivered the opinion of the court.

This suit was commenced in the Common Pleas Court in Livingston county, and afterwards taken to, and tried in the Linn County Court of Common Pleas, by an agreement between the parties.

The facts of the case appear to be as follows: Artemus N. Smith, and one John A. Ewing, just before and up to the fifteenth day of October, 1870, were partners engaged in the business of selling different kinds of agricultural implements in Livingston county, Missouri, at which time they dissolved their partnership, the said Ewing selling out to the said Smith his entire interest in the implements and goods on hand, and as part of the consideration for said purchase, Smith agreed with Ewing to pay off all of the debts against the partnership, amounting to about twelve hundred dollars. In order to secure this indebtedness, Smith executed a chattel mortgage by which he re-conveyed to Ewing, all the implements purchased. The mortgage contained the following condition; "The parties hereto agree that until condition broken, said property may remain in possession of said A. N. Smith, who may sell the same by applying the purchase price to the payment of the aforesaid debts; but after condition broken, the said John A. Ewing, may at his pleasure take and remove the same, and may enter into any building or premises of said A. N. Smith, for that purpose."

After the making of this mortgage (the said Smith still remaining in the possession of the property named,) on or about the 1st or 2nd day of January, 1871, the plaintiff commenced an attachment suit against said Smith, in the Common Pleas Court of Livingston county, in which an attachment was issued and delivered to the defendant in this suit, who was then the sheriff of Livingston county, and by vir-

tue of said writ of attachment, the defendant as such sheriff, seized and levied upon the same property in possession of Smith, and which was named in the mortgage, and made return of the writ to the said Common Pleas Court, where said suit was pending.

After the commencement of this suit against Smith, and the levy of the attachment, the said John A. Ewing, on the 4th day of January, 1871, commenced a suit against Smith, in the Livingston Circuit Court, the object of which was to foreclose the mortgage given him on said property and have the property named in the mortgage sold to satisfy the firm debts, provided for in the mortgage.

This last named suit in favor of Ewing, was prosecuted to a judgment in the Circuit Court, on the 10th day of February, 1871, and a special execution at once issued on the same, which was delivered to the defendant as sheriff of Livingston county, and which commanded him to sell said property (which was still in his custody by virtue of the levy of the attachment in favor of the plaintiff aforesaid) for the satisfaction of the judgment recovered in said foreclosure suit. Under this special execution and judgment of foreclosure, the defendant, as such sheriff, sold the attached property in his hands, on the 7th of March, 1871, for the sum of $1,394.83, and on the 24th of July, 1871, returned this special execution to the Livingston Circuit Court, appropriating $1,300, in satisfaction of said execution and cost. The residue for which the property was sold, being $94.58, was claimed by Smith as being exempt from execution, and paid to him by said defendant as such sheriff.

On the 22nd day of April, 1871, a judgment was recovered in the Common Pleas Court of Livingston county, in favor of plaintiff, in the attachment suit against Smith, for about twelve hundred dollars, ordering that the attached property be sold by the defendant as sheriff for the satisfaction of the same; and on the same day a special execution was issued thereon and delivered to the defendant as sheriff, commanding him to sell the attached property in his hands to satisfy said last named judgment.

This last execution was returned to the Common Pleas Court, with the indorsement thereon, that the property had been sold and the proceeds paid out on the special execution issued on the judgment of the Circuit Court in the foreclosure suit as herein before stated.

This suit is brought to recover of the defendant the amount of the judgment rendered in his favor against Smith, for the failure of the defendant, as sheriff, to safely keep and sell the property attached in satisfaction of the judgment, and for failing to obey and return the execution in conformity to the command thereof; the plaintiff charging that the property attached was of sufficient value to have fully paid said special execution, etc.

The defendant set up in his answer the sale of the property under the execution in favor of Ewing & Co., as a defense to the action.

The plaintiff in his replication insisted that the facts so set up in the answer were no defense to the action, and further averred that the mortgage executed in favor of Ewing, upon which the judgment was rendered was void as to the creditors (the plaintiff being a creditor) of Smith, setting forth the condition of the mortgage herein before set forth, which he insisted rendered the mortgage void on its face.

On the trial the plaintiff offered evidence tending to prove that after the execution of his mortgage to Ewing, Smith retained the possession of the property mortgaged, and continued to sell off the same at the same place where it had before been kept, in his usual course of business. This evidence was objected to by the defendant, on the ground that it was irrelevant to the issues in the cause. The objection was sustained and the plaintiff excepted.

The plaintiff asked the court to declare the law to be that the mortgage executed by Smith to Ewing, was void on its face as to the creditors of Smith; and that, admitting all of the answers of defendant to be true, they constituted no defense to plaintiff's action. The court refused to so declare the law and exceptions were taken.

The court then rendered judgment in favor of the defendant.

After ineffectual motions for a new trial and in arrest of judgment, the plaintiff appealed to this court.

The declarations of law asked by the plaintiff in this case assumed that the mortgage executed by Smith to Ewing, conveying the property attached for the purposes therein stated was void on its face, as it permitted Smith to continue in the possession of the property conveyed and sell the same. We think that this is a misapprehension of the law, as the mortgagor was not permitted to sell or dispose of the property for his own use, but was required to pay or apply the proceeds of any sale made, to the discharge of the debts secured by the mortgage. In the cases of (Brooks vs. Wimer, 20 Mo., 503; Stanley vs. Bunce, 27 Mo., 269, and Billingsley vs. Bunce, 28 Mo., 547), referred to by the plaintiffs, the mortgagor was permitted to remain in possession of and sell the mortgaged goods in the usual course of business, without any obligation on him to account for the proceeds of the goods in any manner whatever. The mortgages were therefore held to be for the use of the mortgagors, and therefore void.

The evidence offered by the plaintiff and excluded by the court, did not tend to prove that Smith was selling the goods, after the execution of the mortgage, with the knowledge of Ewing, and applying the proceeds to his own use, in violation of the provisions of the mortgage, and was therefore properly excluded.

The main and material question in this case is, whether the sheriff who held property in his possession by virtue of a writ of attachment issued from the Common Pleas Court, awaiting the judgment of the court in the attachment suit, could seize and sell the same property on a writ of special execution, issued by the Circuit Court, a court of co-ordinate jurisdiction, and that in a proceeding commenced in the Circuit Court, subsequent to the issue and levy of the attachment.

The general rule is, that where goods and chattels are attached by an officer, by virtue of a writ issued from a court having jurisdiction of the cause, they are in the custody of the law until the proper time for their sale, during which time they are beyond the reach of seizure by another execution or attachment. (Crocker on Sheriffs, 205, § 449.)

Where there is a conflict as to the authority or right of two co-ordinate courts to the jurisdiction over, or custody of property, under process issued by the respective courts, it is I think a universal rule that the court in which jurisdiction had first attached by the seizure and custody of the property under its process, must prevail. (Freeman vs. Howe, 24 How. U. S., 450.) And when the property is actually seized under the process of one of such courts, it is in the custody of the law, and cannot be lawfully levied on or seized, and thereby taken out of such custody by any process issued from another court. (Taylor vs. Carryl, 20 How. [U. S.,] 583 ; Hagan vs. Lucas, 10 Pet., 400, and Buck vs. Colbath, 3 Wal., 334.) In such cases if a paramount right is claimed to the property attached, the controversy must be adjudicated in the court first acquiring jurisdiction over the property, or, at least, the party claiming the adverse or paramount right, will be postponed until the property is released from the custody of the law.

In the case under consideration there is no doubt that Ewing might during the pendency of the attachment, bring suit and get judgment of foreclosure in the Circuit Court against Smith, which would be conclusive between him and Smith. But when the property against which he was proceeding was found to be in the custody of the law, under the process of the Common Pleas Court, it was not for the sheriff to decide on the rights of the parties as between the plaintiff in the attachment suit, and the plaintiff in the suit in the Circuit Court to foreclose the mortgage ; but the rights of the parties should have been adjudicated in the Common Pleas Court, the court having first acquired jurisdiction over the property. And it was the duty of the sheriff to hold the property

under the attachment to await the final judgment in the cause, and then to have disposed of the property in conformity to the judgment and order of the court. If the sheriff of the Common Pleas Court, and the sheriff of the Circuit Court had been different persons, the former would of course not have delivered the property held by him under the attachment to the latter, who had an execution from the Circuit Court. It would have been his duty to hold the property subject to the order of the court of which he was the sheriff. It can make no difference that the same person was sheriff of both courts. The jurisdiction of the different courts over their process is just the same.

The statute of this State concerning attachments (Wagn. Stat., 191, § 50,) provides that "where the same property is attached in several actions, by different plaintiffs, against the same defendant, the court may settle and determine all controversies in relation to the property and the priority, validity, good faith, force and effect of the different attachments, which may arise between any of the plaintiffs, and may dissolve any attachment partially or wholly, or postpone it to another, or make such order in the premises as right and justice may require. If the writs issued from different courts of co-ordinate jurisdiction, such controversies shall be determined by the court out of which the first writ of attachment was issued ; in order whereto the cases originating in the other court shall be transferred to it, and shall thenceforth be there heard, tried and determined in all their parts, as if they had been instituted therein, etc."

This statute is substantially a re-enactment of the common law so far as the jurisdiction of the courts is concerned, in such cases; and is applicable to the present case. The sheriff when he received the execution from the Circuit Court, had no right to adjudicate or decide the question as to the rights of the parties and abandon the property held under the attachment, and seize and sell it under the execution. The plaintiff had a right to contest the right of Ewing under his judgment of foreclosure : he had a right to show that

the lien attempted to be created by the mortgage was fraudulent and void as to him, and he had a right to litigate that question in the Common Pleas Court, before the property was surrendered by the sheriff. The sheriff assumed to decide these questions, which he had no right to do. He should have returned the execution to the Circuit Court from whence it issued, endorsing the statement thereon of the fact that the property was in his possession under a writ from a different court, when the plaintiff in the execution could have contested the plaintiff's rights, under the attachment, in the Common Pleas Court.

The motion for a new trial should have been sustained. The judgment is reversed and the cause remanded. Judge Sherwood not sitting. The other judges concur.