G. K. HOPKINS ET AL., Appellants, v. J. HASTINGS, Respondent.

St. Louis Court of Appeals, March 9, 1886.

1. MORTGAGES—CHATTELS.—A chattel mortgage valid when executed and delivered, does not become void because of any act or omission of one of the parties of which the other party has no knowledge.

2. ——— SALES—FRAUD—ATTACHMENT.—A sale of mortgaged property by the mortgagor and a conversion of the proceeds to his own use without the mortgagee's knowledge or consent, does not invalidate a chattel mortgage under the terms of which the mortgagor is to remain in possession as the mortgagee's agent, and will not give ground for an attachment of the goods.

APPEAL from the Greene County Circuit Court, W. F. GEIGER, Judge.

*Affirmed.*

SHACKLEFORD & MASSEY, for the appellants.

JAMES R. VAUGHAN and W. D. HUBBARD, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The plaintiffs sued by attachment for $107.86, alleging in their affidavit that: "The defendant has fraudulently conveyed and assigned his property and effects so as to hinder and delay his creditors, and that the defendant has fraudulently concealed, removed, and disposed of his property and effects so as to hinder and delay his creditors, and that defendant is about fraudulently to convey and assign his property and effects so as to hinder and delay his creditors."

The issues on plea in abatement were determined by a jury in favor of the defendant.

The testimony tended to show that the defendant was a retail druggist, having a stock of goods worth about $5,000. That, on December 30, 1884, he executed a chattel mortgage to secure an indebtedness of $2,412 in favor of R. L. McElhaney, covering the entire stock. It was provided in the mortgage that: "Until default be made in the payment of the aforesaid note the said party of the first part to remain and continue in quiet and peaceable possession of said goods and chattels, and the full and free enjoyment of the same, unless the said party of the second part, his executors, administrators, and assigns, shall sooner choose to demand the same; and until such demand be made, the possession of the party of the first part shall be deemed the possession of an agent or servant, for the sole benefit and advantage of the principal, the said party of the second part. The said James Hastings is to have the right to sell the said property in the ordinary course of retail trade, and shall account for and pay over to the said McElhaney all the proceeds of such sales, on and in payment, or part payment of said note."

The testimony tended further to show that the defendant never rendered any account of his sales to the mortgagee, and paid nothing from the proceeds on the mortgage debt. Nor did the mortgagee ever make any demand of the defendant, for either accounting or payment. A few days before the institution of this suit, the defendant admitted to an agent of the plaintiffs, that the plaintiffs' claim was just; that he owed, also, other accounts, and said: "I am paying off these accounts, as fast as I can, out of the proceeds of the sales from the drug store." The defendant at the same time, in presence of the agent, "took money out of the drug store drawer." About a month after the commencement of this suit, the defendant sold out his entire stock, and paid off the mortgage debt.

The plaintiffs asked for two instructions, both to the effect that, if the defendant remained in possession of

the stock of goods, continued to sell and dispose of them, and failed to account to the mortgagee, but applied the proceeds to purposes other than the payment of the mortgage indebtedness, then the mortgage was fraudulent and void as to the creditors of the defendant. These instructions were refused, and the propriety of this refusal is the only matter brought up for our consideration. The motion for a new trial complained of this ruling only, and that the verdict was contrary to the law and the evidence. The last matter of complaint is here sustained in argument, only as it is involved in the refusal of the instructions. The motion specifies, by numbers, six instructions refused. The record shows only two.

The plaintiffs' position assumes that a mortgage may be free from any taint of fraudulent intent, and altogether valid when executed and delivered, and may yet become fraudulent and void *ab initio*, because of subsequent acts or omissions of one of the parties. Such a position is repugnant to reason. If a deed is valid when delivered it remains so forever. Parties may afterwards forfeit rights or privileges which it was intended to secure, but this by no means impeaches the validity of the deed itself. The mistake lies in confounding the fact with the evidence of the fact. It sometimes happens that parties, by their acts or omissions subsequent to the delivery of the deed, may furnish evidence proper to go to a jury, from which they may determine whether the deed was, or was not, tainted in its execution with a fraudulent intent which might render it void *ab initio*. But this is a matter of evidence only, and not a conclusion of law. The jury, and not the court, must reach the proper conclusion. Missouri decisions leave nothing open to speculation on the points involved in these refused instructions. The mortgage in this case was certainly not void on its face. *Metzner v. Graham*, 57 Mo. 404. "But the mere fact that the grantor in such

a deed, who is left in possession under the terms of the deed, does, contrary to the terms of the deed, sell the property thereby conveyed, and appropriate the proceeds to his own use, has no tendency to show that such was the intention of the parties to the deed ; and such evidence, if objected to for this reason, is properly excluded.'' *Thompson v. Foerstel*, 10 Mo. App. 297. It does not appear in this record that the mortgagee consented to, or had any knowledge of, a misappropriation of the proceeds of sales by the mortgagor. See the two cases just cited. The court was clearly right in refusing the plaintiffs' instructions. Nothing is here for our review in the instructions given for the defendant; but upon an examination of them, we find them properly framed, and adapted to the issues.

With the concurrence of all the judges, the judgment is affirmed.