THE STATE BANK OF ST. LOUIS, Plaintiff, JOHN M. WAIDER *et al.*, Respondents, v. LENA STEINBERG, Defendant; ADAM E. BURKHARDT and JOHN H. POHLMAN, Sheriff, Appellants.

St. Louis Court of Appeals, April 7, 1891.

Practice, Trial: ATTACHMENT.  When a writ of attachment, issued by a justice of the peace, is levied upon property already levied upon under a writ of attachment issued by a court of record, the cause before the justice must be transferred to the court of record by order or *certiorari* of the latter court, before that court will have jurisdiction to apply any of the proceeds of the property levied upon to the satisfaction of the claim sued upon before the justice.  But the cause instituted before the justice may in such case be prosecuted to final judgment before him, and such removal may be thus made after the rendition of such judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

VOL. 44—26

REVERSED AND REMANDED.

*Pollard & Werner*, for appellants.

*Mills & Flitcraft*, for respondents.

(1) Where funds are in court under an execution, the distribution is under the rules of the common law and not under section 570, Revised Statutes, 1889. *Swallow v. Duncan*, 18 Mo. App. 631. (2) Goods seized under execution cannot be seized under other process; but a levy may be imposed by suitable notice. *Metzner v. Graham*, 57 Mo. 404; *Patterson v. Stephenson*, 77 Mo. 329.

ROMBAUER, P. J.—This is a contest between two attaching creditors, and arises upon the following facts: The plaintiff obtained a judgment against the defendant in the circuit court on April 30, 1890, and the appellant sheriff, under an execution issued on that judgment, seized the defendant's goods. On the second of May, 1890, the respondents sued out a writ of attachment before a justice, and caused that writ to be levied on the same goods, subject to the prior levy of the execution. This attachment proceeding was prosecuted to final judgment before the justice on the nineteenth of May, 1890. In the interval between the issue of this writ of attachment and final judgment thereon, the appellant Burkhardt sued out a writ of attachment in the circuit court, and caused it to be levied on the same goods, subject to the lien of plaintiff's execution. This writ was also prosecuted to final judgment on October 20, 1890. The sheriff sold the goods on plaintiff's execution, and, after satisfying it, there remained in his hands a surplus of $181.42. The respondents, claiming that this surplus belonged to them, appeared in the circuit court, and moved for an order upon the sheriff to pay it to them. This motion was resisted by appellant

Burkhardt on the ground that the circuit court had no jurisdiction to make the order, because the attachment proceeding of the respondents had never been transferred to the circuit court, and because the levy on the attachment writ of the respondents was insufficient to create a lien on the goods. The circuit court found for the respondents and made the order as prayed for; hence this appeal.

The appellants claim that the proceeding is governed exclusively by section 570 of the Revised Statutes of 1889, which provides how and where controversies between different plaintiffs in attachments are to be adjudicated, when the same property is attached in several actions by different plaintiffs. That part of the section, which bears upon the present controversy, is as follows:

"If the writs issued from different courts of co-ordinate jurisdiction, such controversies shall be determined by that court out of which the first writ of attachment was issued; in order whereto, the cases originating in the other court shall be transferred to it, and shall thenceforth be there heard, tried and determined in all their parts, as if they had been instituted therein. If any such controversy arise between a plaintiff in an action instituted in a court of general jurisdiction and a plaintiff in an action instituted in a court of limited jurisdiction,' the matter shall be determined by the former court, to which the action commenced in the latter shall be transferred."

It was held in *Metzner v. Graham*, 57 Mo. 404 ( on which both parties rely ), that this statute is a substantial re-enactment of the common law, as far as the jurisdiction of the court is concerned. It provides a convenient method by which the priority of liens of various parties is to be determined by one and the same court, when property *comes* into the custody of the law under a writ of attachment. It was intimated in *Swallow v. Duncan*, 18 Mo. App. 622, that this

statute has no application, when property comes into custody of the law on final process, but that intimation, even if correct, goes no further than that a subsequent attacher cannot, under the provisions of the statute, question the validity of a lien created by prior levy of an execution. That he can question the validity of a subsequent execution has been expressly decided in *Metzner v. Graham*, *supra*, which decision is controlling.

In the case at bar there is no contest between the attaching creditors and the execution creditor who had first seized the goods. The priority of the lien of the execution is conceded on all sides, and the controversy is only touching the surplus. The statute certainly does contemplate that, before that contest is finally determined, the court determining it should be in possession of all the records, as it is strictly a contest between two attaching creditors as to their respective rights in the property. Where, therefore, property is seized upon a writ of attachment issued by a justice, or where such writ is levied *sub modo* on property held under a prior execution of a court of record ( as in this case ), the justice is not divested of jurisdiction to proceed to final judgment in the attachment proceedings, simply because a subsequent attachment from a court of record is also levied on the same property *sub modo*. Nor does section 570 contemplate that any court from which a writ of attachment issues should not have jurisdiction to proceed in the action, simply because a prior writ of attachment has been levied on the same property. The subsequent attacher may move at any time that his cause be transferred to the court of record having custody of the property, but, if he fails so to move, the court in which he is may proceed to final judgment in his case, and its judgment will be binding and conclusive upon him and the attachment debtor. This is recognized in *Metzner v. Graham*, *supra*, and also in *Patterson v. Stephenson*, 77 Mo. 329, and the

same rule applies where one of the attachments is in a court of record and the other before a justice of the peace.

It is only where the respective priorities of the different attaching creditors are to be finally determined, that it is essential that all the records should be in the court of record issuing the first writ and having custody of the property, because that court alone can adjudicate the priorities and make distribution.

Applying the law thus stated to the facts of this case, the following results arise : The appellant, after instituting his proceeding by attachment, might at any time have caused the removal of respondent's attachment, which was before a justice, into the court having jurisdiction of the property, but, having failed to do so, the respondents were at liberty to prosecute their suit to final judgment before the justice. But, when the respondents, upon the judgment thus obtained, sought to get an order from the circuit court for the surplus in the sheriff's hands, it was their duty to remove their record from the justice into the circuit court, by order or *certiorari* of the latter court, so as to give the appellant an opportunity to contest before that court the question of priority which they claim. That the respondents could do so even after judgment before the justice, is at least intimated in *Patterson v. Stephenson, supra*, and that such judgment was not conclusive on the question of priority as against the appellant is expressly decided in *Metzner v. Graham, supra*. As the record of the justice was not before the circuit court, when it made its order upon the sheriff to pay the surplus to the respondents, the complaint of the appellants that the court had no jurisdiction to make such order is well founded, and for that reason the judgment herein must be reversed.

It does not follow by any means, however, that, because such is the fact, the appellant creditor is entitled to the surplus. The respondents may still ask for

a removal of their record to the circuit court, and, upon the record being thus removed, renew their motion to have the surplus paid over to them.   Upon such motion the appellants may appear and contest the validity of respondents' attachment, either on the ground of fraud or legal insufficiency appearing upon the record.   As the attachment was had upon personal service, other grounds of contest are not open under the statute. Deciding, as we do, that the circuit court had no jurisdiction to make the order complained of, the second question raise by the appellants, namely, that the constable's levy was insufficient to create a lien, is not properly before us for adjudication.

Judgment reversed and cause remanded.   All the judges concur.