R. J. COBB, assignee, et al v. S. S. RASBERRY et al.

*Husband and Wife—Mortgage by Husband of Crops on Wife's Land—Curtesy.*

1. The Act of 1849 (section 1840 of *The Code*) only prohibited the husband from selling or leasing the real estate of his wife without her consent, and prevented the sale of the land under execution against the husband, but his rights as tenant by the curtesy *initiate* to the rents and profits were not impaired thereby.

2. Where the marriage and seizin of the wife in the lands took place before the adoption of the Constitution of 1868, the husband has the right to the crops on his wife's lands, and may sell, lease or mortgage them.

This was a CIVIL ACTION, tried before *Bynum, J.*, and a jury, at April Term, 1894, of PITT Superior Court.

The action was brought for the recovery of the possession of certain personal property, including, among other things, cotton, corn and other crops, all of which were raised on a tract of land described in the complaint, and were embraced and conveyed in a certain agricultural lien or mortgage, executed by the defendant S. S. Rasberry to one W. H. Cox to secure payment of a debt already due, and future advances to enable said Rasberry to cultivate the said land, amounting in all to one hundred and ninety dollars. After the execution of the said mortgage the same had been assigned to plaintiff Cobb, and the account for the

said advances had become, by sale of the same, the property of plaintiff Sarah Cox. The *feme* defendant, who had been allowed to come in and make herself a party and plead to the action, set up as a defense in her answer that the crops specified were raised on her land and were her separate property.

In addition to the proving of the said pre-existing debt and the advances, the value of the property seized, the execution, probate and registration of said mortgage, the assignment, etc., the plaintiffs established in evidence that the marriage of the defendant S. S. Rasberry to the *feme* defendant, and the vesting in the *feme* defendant of the title to the land on which the said crops were raised, took place before the adoption of the Constitution of 1868, the said marriage having occurred in the year eighteen hundred and sixty-four ( 1864 ), and the said land (which descended to *feme* defendant from her father ) having been divided and allotted to her by proper proceedings for that purpose in the year eighteen hundred and sixty-five (1865). Plaintiffs also proved that several children, the issue of said marriage, had been born and were yet living, but at what time any of said children were born did not appear in the evidence. There was no evidence on behalf of defendants.

His Honor ruled, that notwithstanding the evidence as to the date of the marriage of the defendants, and the time of the descent and vesting of the said title, the *feme* defendant's right of property in the said crops was not affected by those facts, and for that reason plaintiffs were not entitled to recover said crops, and he so charged the jury. Exception and appeal by plaintiffs.

*Messrs. J. B. Batchelor* and *Jas. E. Moore*, for plaintiffs (appellants).

No counsel, *contra.*

COBB *v.* RASBERRY.

MONTGOMERY, J.: The matter set up in the answer of the *feme* defendant cannot avail her. At common law the husband, when, by birth of issue he became tenant by the curtesy *initiate*, was the owner of the crops grown on the wife's land, and even in case of his death before hers his personal representatives were entitled to them.  *Williams* v. *Lanier*, 44 N. C., 30.  The Act of 1849, *Code*, Sec. 1840, only prohibited the husband from selling or leasing, for the term of his life or any less term of years, the real estate of his wife when the marriage had taken place since the 3rd Monday of November, 1848, without her consent by deed and privy examination; nor would that Act suffer his estate in the land to be sold under execution against him. His rights however to the profits and rents were not impaired or disturbed. In *Houston* v. *Brown*, 52 N. C., 163, this Court said, in referring to that Act: "The sole object was to provide a home for her (the wife) of which she could not be deprived by the husband or the creditors." The marriage and seizin of the wife in the lands took place before the adoption of the Constitution of 1868; and Article X, Sec. 6, of that instrument, and the laws made in pursuance thereof, apply only to cases where the marriage has been contracted or the property acquired since the adoption of the Constitution.  *Morris* v. *Morris*, 94 N. C., 613; *Thompson* v. *Wiggins*, 109 N. C., 508.

There was error in the instruction which his Honor gave to the jury and the plaintiff is entitled to a new trial.

New Trial.