Action heard on special appearance and motion to dissolve an attachment.
On the hearing it was made to appear that the warrant of attachment purported to issue from Superior Court of Nash County and to the counties of Nash and Edgecombe, and that to Edgecombe under which the property was levied on being addressed "To any constable or other lawful officer of Edgecombe County — Greeting," and return made thereon:
Seized and levied on, and the following property, etc.
 W. G. BULLOCK, Constable, No. 12 Township, Edgecombe.
The other facts relevant to the question presented and embodied in the judgment are as follows:
That on 23 December, 1911, the Deputy Clerk of the Superior Court of Nash County, at the request of one of the plaintiff's attorneys, signed and delivered to him the summons since returned in this action, the same being, at the time of their said delivery, filled out in part only, the caption and title of the cause, the name of defendant to be summoned, *Page 119 
and plaintiff's undertaking for costs not having been filled out until subsequently thereto, as hereinafter set out; that, at the same time, said deputy clerk signed and delivered to plaintiff's said attorney the warrants of attachment thereafter issued to the counties of (145) Nash and Edgecombe and since returned herein; that when delivered to plaintiff's said attorney said warrants of attachment were in blank, save the clerk's signature attached thereto, the date "23d day of December, 1911," appearing thereon and the seal of court annexed to one of them; and the undertaking, justification of sureties, and affidavits annexed to said warrants of attachment were, at the time of such delivery, wholly in blank, the essential operative parts thereof having been subsequently filled in by plaintiff's said attorney, as hereinafter set out.
That at the time of making application to and of receiving from said deputy clerk the said blank summonses, warrants of attachment, and other papers, plaintiff's said attorney informed said deputy clerk that it was his purpose to use the same in an action to be that day instituted by the plaintiff above named against the defendant above named, and of the facts involved therein, at the same time giving assurance that he would have the undertaking in attachment executed and other papers properly filled out before the service of warrant of attachment; and that, as the result of such assurance, said deputy clerk intrusted plaintiff's said attorney with the duty of taking bond, perfecting affidavit, and filling out warrants of attachments and summonses herein. And this was thereafter done by plaintiff's said attorney, in accordance with the statement of fact made at the time aforesaid, which undertaking and affidavit are now considered sufficient by said deputy clerk.
That prior to the issuance of said warrants of attachment no affidavit or undertaking in attachment was ever exhibited to or filed with said deputy clerk or in the clerk's office, nor was this ever done until some time subsequent to 3 January, (1912).
That the warrant of attachment issued to Edgecombe County came into the hands of W. G. Bullock, Constable of No. 12 Township in said county, on 23 December, 1911, who, by virtue of the powers conferred upon him by his said office, proceeded to levy upon the property of the defendant thereunder, as set out in his return annexed thereto.
There was judgment dissolving the attachment, and plaintiff (146) excepted and appealed.
After stating the case: On the facts presented we are of the opinion that the attachment in this case was properly dissolved. Our statute on this subject (Revisal, ch. 12, sec. 758 et seq.) in general *Page 120 
terms provides that the writ may issue when the requisite facts are shown to the court by affidavit of prescribed form and substance, and before issuing the same the officer who issues, for the purpose of indemnifying defendant, shall require an undertaking with sufficient surety in a sum not less than $200, etc.
While our decisions are to the effect that when the terms of the law are duly complied with, the clerk is without further discretion in the matter, and that the issuance of the writ in most of its aspects is a ministerial act permitting performance by regular deputy, a perusal of the statute will readily disclose that in order to a valid writ there are important duties imposed in express terms upon the officials and which may not be delegated to the parties or their attorneys. It is true that such a custom has been allowed to prevail as to original process, the summons, and to ordinary subpoenas for witnesses, etc. (Webster v.Sharp, 116 N.C. 468; Croom v. Morrisey, 63 N.C. 591), but in the case of attachments, conferring as it does the present right to seize and sequestrate the property of the citizen before trial or opportunity to be heard, a stricter construction is required. Thus in 4 Cyc., page 400, it is said: "Attachment being an extraordinary and summary remedy in derogation of the common law, the courts will usually, in the absence of statutory provision to the contrary, construe the statute strictly in favor of those against whom the proceeding is employed, both as to the subject-matter of the attachment and the method of enforcing the remedy, and will exact of the plaintiff a strict compliance with all statutory requirements." And in 2 Lewis's Sutherland on Statutory Construction (2 Ed.), sec. 566, p. 1049: "A party seeking the benefit of such a statute must bring himself strictly, not within the spirit, but within the (147) letter; he can take nothing by intendment. . . . The remedy by attachment is special and extraordinary, and the statutory provisions for it must be strictly construed, and cannot have force in cases not plainly within their terms." And our decisions are in full approval of this position. Skinner v. Moore, 19 N.C. 138-146; Bank v.Hinton, 12 N.C. 398-99.
Again, and by reason of the same rule of construction, it must be held that a writ of attachment issuing out of the Superior Court on causes within that jurisdiction shall be addressed to the sheriff of the county. On this question section 765, Revisal, provides as follows: "The warrant shall be directed to the sheriff of any county in which the property of such defendant may be, or in case it be issued by a justice of the peace to such sheriff, or to any constable of such county," etc. This making clear distinction between writs issuing from the Superior Court and courts of justice of the peace and in express terms requiring that writs of attachment from the Superior Courts shall, as stated, be addressed *Page 121 
to the sheriff of the county. There are different statutes, general and special, conferring on town and township constables the power of serving ordinary court process, as in Revisal, sec. 937, sec. 2939. But the cases construing these statutes have thus far generally held that, to make a valid service of process from the Superior Courts by constables, the same should be specially addressed to such officer by his official title.McGloughan v. Mitchell, 126 N.C. 681; Davis v. Sanderlin, 119 N.C. 84, and these statutes could not apply, therefore, when as in this case the writ could not be so directed.
For the reasons stated we are of opinion that the attachment writ and the seizure of property under it were invalid, and the judgment of his Honor discharging same must be
Affirmed.
(148)