J. P. TEMPLE v. THE EADES HAY COMPANY, CITIZENS BANK AND TRUST COMPANY, GARNISHEE.

(Filed 25 October, 1922.)

1. **Attachment—Process—Courts—Amendments.**

An irregularity in issuing a warrant of attachment to the constable or other lawful officer of the county, when the statute requires it to be issued to the sheriff, may be afterwards cured by an amendment of the court when it appears that the warrant was served by a deputy sheriff.

2. **Attachment—Garnishment—Conflicting Claims—Stakeholder—Parties —Statutes.**

Where the funds of a nonresident defendant are attached in the courts of this State in the hands of a local bank, an agency for collection only, and the garnishee bank answers, setting forth this fact and claiming absolute ownership in its forwarding bank, and asks that the latter be made a party to the suit, and, in effect, alleging that it, the garnishee, is a mere stakeholder without interest in the funds attached: *Held,* it is the policy and express purpose of our Code of Procedure that all matters should be settled as far as possible in one and the same action; and the forwarding bank, being a necessary party, the refusal of the court to make it a party was of the substance of the controversy, and constituted reversible error. C. S., 460.

**3. Attachment—Garnishment—Stakeholder—Parties—Statutes.**

Where the funds of a nonresident defendant are attached in the hands of a local bank, which is only an agency for collection, which position it alleges in its answer, and also alleges ownership of title by its forwarding bank, the position taken by the local bank is that of a mere stakeholder without interest, between two conflicting claimants, and it may successfully maintain that the forwarding bank be made a party to the action, and await the determination of this question in the action, in order to protect itself in the payment of the funds attached in its hands.  C. S., 826.

**4. Same—Bond.**

The bond required of an intervener by C. S., 840, has no application in attachment where the garnishee bank holding the funds attached does so as a stakeholder, not claiming them, but only seeks to hold the same for the adjudication of the court between two conflicting claimants.

**5. Same—Title—Procedure.**

Where funds of a nonresident defendant are attached in a local bank that maintains the position of a mere stakeholder, and alleges ownership of its forwarding bank, and asks that the forwarding bank be made a party to the action, the forwarding bank, when brought in, may make its own claim of title and thus cure the defect, if any, in the proceedings in this respect, it being a matter of procedure.

**6. Same—Issues.**

The requirement of C. S., 821, that an issue shall be made up and determined by the jury where the garnishee in attachment denies owing the principal defendant, should be construed with C. S., 460, requiring the making of all necessary parties to a full determination of the controversy; and it does not apply when the garnishee takes the position of a mere stakeholder and sets up in his answer that another, not a party to the action, is the owner of the funds attached, and asks that such other person be brought in so as to protect it, the garnishee, in the payment of the funds under an order of the court.

STACY, J., not sitting.

APPEAL by garnishee from *Cranmer, J.,* at December Term, 1921, of NEW HANOVER.

Civil action to recover of defendant, the Eades Hay Company, $2,125 damage for shortage on shipment of hay sold by said company to plaintiff, said Eades Hay Company, being a nonresident corporation, service of summons was had only by publication.  At the instance of plaintiff company, process of attachment was sued out and levied by the sheriff of New Hanover County, or a duly authorized deputy, on certain moneys held by the Citizens Bank and Trust Company of Wilmington, alleged to belong to the principal defendant.  The warrant of attachment issuing from the Superior Court was addressed to any constable or other lawful officer of New Hanover County—greeting, and the garnishee, making special appearance for the purpose, moved to discharge the

warrant and dismiss the suit, because same was not addressed to the sheriff of the county. The court, Daniels, J., presiding, allowed an amendment to the process causing same to be addressed to the sheriff, and thereupon overruled the motion, and garnishee excepted. The garnishee then filed an answer duly verified as follows: "The Citizens Bank and Trust Company, garnishee, reserving its rights in the motion heretofore filed, and reserving its exception to the ruling of the court thereon, says that the Eades Hay Company has not forwarded us any drafts for collection, and we have no funds that we are holding for their account. It has the money from five drafts sent to it by the Interstate National Bank of Kansas City, on J. P. Temple, which were paid by him, for $359.35, $310.12, $316.95, $375.35, and for $305.35, respectively; that these drafts were sent to the Citizens Bank and Trust Company by the Interstate National Bank to collect as its agent, and said funds are held subject to the order of the Interstate National Bank, unless this Court order otherwise hereafter."

Subsequently, at December Term, 1921, before his Honor, G. W. Connor, application was made that the Interstate National Bank of Kansas City, referred to in the answer of the garnishee, be made a party and allowed to assert its claim to the debt. The application was denied and the garnishee and the Interstate Bank excepted. Thereupon, on issues submitted, the jury rendered the following verdict:

"1. Is the Citizens Bank and Trust Company, garnishee, indebted to the Eades Hay Company, and, if so, in what amount? Answer: 'Yes, $1,667.12.'

"2. What sum, if any, is the plaintiff entitled to recover of the Eades Hay Company as damages for the breach of contract for the delivery of hay? Answer: '$2,125.' "

Judgment was entered for the damages assessed against the Eades Hay Company, and that the amount of money in the hands of the garnishee be applied to the payment of said judgment to the extent of $1,667.12. Garnishee excepted, and appealed.

*J. O. Carr, L. J. Poisson, and J. D. Bellamy & Sons for plaintiff.*
*Wright & Stevens for garnishee.*

HOKE, J. Under the statute applicable, the process of attachment issuing from the Superior Court should be addressed to the sheriff of the county and executed by him or one of his duly authorized deputies. *Carson v. Woodrow,* 160 N. C., 144. It appearing, however, that the writ was in fact executed by a duly authorized deputy of the sheriff, the case is well within the powers of amendment possessed by the court, and which should always be liberally exercised with a view of permitting a

determination of the cause on the real issues involved in the controversy. *Page v. McDonald,* 159 N. C., 38; *Vick v. Flournoy,* 147 N. C., 209. In *Carson v. Woodrow, supra,* a case much relied upon by appellant, the process of attachment issuing from the Superior Court had been executed by a constable, and the Court holding that under the laws applicable, a constable was without power to execute the writ it would seem that an amendment in form of the process could not have cured the defect. As a matter of fact, in that case the question of amendment was not presented. On appellant's second exception, we are of opinion that the Interstate National Bank of Kansas should have been made party' defendant, and allowed to assert and maintain its rights to the money in the possession and control of the Citizens Bank and Trust Company and the refusal of the trial court to permit this should be held for reversible error. In various and well considered decisions of this Court on the subject, it is recognized as the policy and expressed purpose of our present system of procedure that all matters in a given controversy should, as far as possible, be settled in one and the same action. *Guthrie v. Durham,* 168 N. C., 573. In furtherance of this position, in C. S., 460, it is provided: "That the court, either between terms or at a regular term, according to the nature of the controversy, may determine any controversy before it when it can be done without prejudice to the rights of others, but when a complete determination cannot be made without the presence of other parties, the court must cause them to be brought in, etc." And in our decisions construing the statute it has been held that the refusal and failure to bring in necessary parties is of the substance and constitutes error. *Guthrie v. Durham, supra; Rollins v. Rollins,* 76 N. C., 264. In addition, the right to interplead in attachment proceedings is recognized and provided for in the laws, C. S., 826, and this, we think, should always be allowed when it is necessary to protect an innocent stakeholder by having conflicting claims to the property or proceeds held by him authoritatively determined before he is required to pay it over to the claimant. Shinn on Attachment, sec. 672 *et seq.* It is contended for appellee that this regulation regarding the right of interpleader in attachment proceedings is referred to section 840, in claim and delivery proceedings, and when an affidavit of claim or title, and also a bond, is required of the intervener. But this requirement as to bond is restricted to cases where the intervener is seeking to take the property from the custody of the court, and on the affidavit of claim or title it already appears, from the garnishee's answer, that the Interstate Bank claims the property, and, in any event, this as a mere matter of procedure can now be cured by an affidavit of title to be made by the claimant. We are not unmindful of section 821 of the article on Attachment Proceedings, to the effect that where a garnishee denies

owing the principal defendant, an issue shall be made up and determined by the jury, but this must be construed in connection with C. S., 460, heretofore cited, and which requires that all persons necessary to a full determination of the controversy must be made a party. And on the facts of the present record, both right and justice require that the Interstate Bank be made a party, in order to protect the garnishee before payment is required, by direct service of process if found within the jurisdiction, or by publication, which, on being properly made, would bind for all purposes of determining the right to the funds in the custody of the court. *Vick v. Flournoy,* 147 N. C., 209, and authorities cited. We are confirmed in this view of the case by the facts appearing on the record, that on denial of the bank's application to become a party, it has instituted an independent suit against the Citizens Bank and Trust Company, asserting its title to the money, and unless the course suggested is pursued, it may come about that in the same court, in a controversy involving claims to the same funds, there may be a judgment against a mere stakeholder, innocent of any wrong, compelling him to pay the money held by him to the plaintiff in the present suit, and to the Interstate Bank in its independent suit for the same money against the garnishee. Such a result may not be permitted in this jurisdiction and under our system of procedure, and this will be certified that the verdict and judgment in the case be set aside, and the Interstate Bank be made party and allowed to maintain its claim as it may be advised.

New trial.

STACY, J., not sitting.