## HAMBLEY & COMPANY v. H. W. WHITE & COMPANY.

(Filed 27 May, 1926.)

1. **Attachment—Courts—Priority—Jurisdiction—Priority of Levy — Injunction.**

   One claiming paramount right to property taken in attachment should assert it in court first acquiring jurisdiction, and where several attachments have been levied on the same property, under writs issued by a number of Superior courts, it is within the power of the court, first acquiring jurisdiction by seizure, to require the questions of priority to be determined in that court.

2. **Same—Simultaneous Levies.**

   Where two or more attachments against a fund in the hands of a garnishee are delivered to the sheriff at the same time, and served simultaneously, and the fund is insufficient to pay all of the attaching creditors according to their priority of levy, the funds remaining after the satisfaction of all the prior attachments, if any, will be applied pro rata among those whose attachments have been thus simultaneously executed.

3. **Same—Sheriffs.**

   The sheriff upon the service of various attachments against the same property takes possession thereof and acquires a special interest therein enforceable by him for the protection of the attaching creditors in accordance with the priorities of their levies.

4. **Garnishment—Parties—Motions—Distribution of Funds.**

   Where several attachments have been levied, garnishee, in each succeeding case, should set up prior attachments and notify adverse claimants to come in by intervention and set up claims to property attached.

APPEAL by several of the defendants from *Lane, J.,* at October Term, 1925, of ROWAN.

Civil action brought by plaintiffs, cotton brokers in North Carolina, against the defendants, cotton shippers of Tennessee, to recover damages in the amount of $2,840.00 for alleged breaches of contracts, arising out of agreements and transactions had between the parties.

This suit was started 15 April, 1925, in Rowan Superior Court, and a warrant of attachment issued to the sheriff of Alexander County, who, by virtue of said writ, attached the proceeds of two sight drafts, as the property of the defendants, in the hands of the Bank of Alexander, one in the sum of $7,402.19, now claimed by the First National Bank of Jackson, Tenn., and the other in the sum of $6,582.50 claimed by the Second National Bank of Jackson, Tenn., the two drafts making a total of $13,984.69. At the same time the Bank of Alexander was summoned as garnishee, as provided by C. S., 819.

Thereafter, the Spray Cotton Mills, in Rockingham County, on 23 or 24 April, 1925, the Victory Manufacturing Company, in Cumberland

County, on 21 September, 1925, the J. M. Odell Manufacturing Company, in Chatham County, on 21 September, 1925, the Wennonah Cotton Mills, in Davidson County, on 21 September, 1925, the Leward Cotton Mills, in Randolph County, on 22 September, 1925, the Randolph Mills, Inc., in Randolph County, on 22 September, 1925, and the Arista Mills Company, in Forsyth County, on 28 September, 1925, each instituted suit against the defendants, for alleged breach of contract, in the Superior Court of the county mentioned, on the date designated, and issued a writ of attachment to the sheriff of Alexander County, who, by virtue of said writs, attached the funds in the hands of the Bank of Alexander as the property of the defendants, and the Bank of Alexander was duly summoned as garnishee, in each case, as required by law.

In the suit of Spray Cotton Mills against the defendants, instituted in Rockingham County, the plaintiffs in addition to attaching the funds in the hands of the Bank of Alexander, also attached 84 bales of cotton under a separate writ issued to the sheriff of Rockingham County.

On 24 June, 1925, the Second National Bank of Jackson, Tenn., with leave of the court, intervened in the present suit and the one instituted by the Spray Cotton Mills, claimed title to the proceeds of the draft, amounting to $6,582.50, and was allowed to take the same upon filing satisfactory bond in this action to stand in lieu thereof.

All of the actions, above mentioned, are pending in the Superior Courts of the respective counties, without personal service on the defendants, but only service by publication and attachment in each case. They all grew out of sales of cotton made through plaintiffs, Hambley & Company, as brokers or agents of the defendants, H. W. White & Company.

On 27 July, 1925, the First National Bank of Jackson, Tenn., instituted an action in the District Court of the United States for the Western District of North Carolina against the Bank of Alexander, claiming title to the proceeds of the draft amounting to $7,402.19.

On 14 October, 1925, the Bank of Alexander, garnishee in all the cases, and the Second National Bank of Jackson, Tenn., intervener in two, after notice duly given, made a motion that all the plaintiffs in the various suits above mentioned be made parties to this action pending in the Superior Court of Rowan County and that the then said parties, plaintiffs in the various suits, be enjoined from proceeding otherwise against the funds here in controversy, and which were first attached in the present suit; and further that the First National Bank of Jackson, Tenn., be made a party defendant and brought in by publication. The amounts demanded in all the suits, if allowed, will exceed, in the aggregate, the funds attached.

From an order allowing this motion and in conformity with its terms, the Spray Cotton Mills, the Leward Cotton Mills, the Randolph Cotton Mills and the Arista Mills Company excepted and appealed to the Supreme Court, assigning error in the entering of said order.

*J. H. Burke* for Bank of Alexander.

*Clement & Clement and R. Lee Wright* for Second National Bank of Jackson, Tenn.

*Manly, Hendren & Womble and Ivie, Trotter & Johnston* for Spray Cotton Mills.

*H. M. Robins* for Leward Cotton Mills.

*J. A. Spence* for Randolph Mills, Inc.

*Craige & Craige* for Arista Mills.

STACY, C. J., after stating the case: We have no hesitancy in affirming the judgment in so far as it requires the First National Bank of Jackson, Tenn., to come in and litigate its claim, if any it has, to the funds held under attachment in the present proceedings. *Temple v. Hay Co.,* 184 N. C., 239; *Freeman v. Howe,* 65 U. S., 450.

The general rule is, that one claiming a paramount right to property taken in attachment, which, if valid, would defeat the plaintiff's suit, must assert such right in the court first acquiring jurisdiction over the property. *Taylor v. Carryl,* 61 U. S., 583; *Peck v. Jenness,* 48 U. S., 612; *Metzner v. Graham,* 57 Mo., 404.

Likewise, in this jurisdiction at least, where several attachments have been levied on the same property, under processes issued by a number of Superior Courts, each having general and concurrent jurisdiction over the matter, which must inevitably result in a contest among the different creditors as to their respective rights of priority, we think it is within the power of the court, first acquiring jurisdiction of the property by seizure and attachment, to require the questions of priority, likely to arise among the attaching creditors, to be determined in that court. *Patrick v. Baker,* 180 N. C., 588; *Metzner v. Graham, supra; Bank v. Steinberg,* 44 Mo. App., 401. And in regard to such creditors, the law is, first in time of attachment, first in right, so far as the property attached is concerned (*Kittredge v. Bellows,* 7 N. H., 428; *Peck v. Jenness, supra*), except where two or more attachments are delivered to the sheriff at the same time, served simultaneously on the same property, and judgments rendered in favor of both or all of such creditors, the funds remaining after satisfaction of all prior attachments will be applied *pro rata,* when they are insufficient to pay the judgments of the simultaneously attaching creditors in full. *Freeman v. Grist,* 18 N. C., 217.

3—192

HAMBLEY *v.* WHITE.

In an attachment of personal property, the sheriff, upon the service of the writ, takes possession of the property attached, and thus acquires a special interest therein, which he may enforce for the protection of the rights of all concerned. *Peck v. Jenness,* 48 U. S., 612. Subsequent attachments may be levied on the same property by the same sheriff, and where there are several attachments, the attaching creditors acquire a right to priority of satisfaction, so far as the property attached is concerned, not by right of priority of judgment, but by right of priority of attachment. C. S., 807; *Granite Co. v. Bank,* 172 N. C., 354; *Bank v. Watson,* 187 N. C., 107; *Norman v. Hallsey,* 132 N. C., 6; *Poole v. Symonds,* 1 N. H., 292; *Clarke v. Morse,* 10 N. H., 238.

Attachment partakes of the nature of an execution before judgment (*Johnson v. Whilden,* 166 N. C., 104); and as the lien begins with the levy of the attachment (*McMillan v. Parsons,* 52 N. C., 163), it is subject to all others of prior date and superior to those of subsequent date. *Morehead v. R. R.,* 96 N. C., 362. As remarked by *Mr. Justice Matthews* in *Freedman's S. & T. Co. v. Earle,* 110 U. S., 717, "It is the execution first begun to be executed, unless otherwise regulated by statute, which is entitled to priority." See, also, *Kittredge v. Emerson,* 15 N. H., 227, and *Kittredge v. Warran,* 14 N. H., 509, where the whole subject of attachment is fully considered by the New Hampshire Superior Court of Judicature.

This, however, need not deprive the parties of the right to proceed to judgment in the courts of their respective counties, and in such actions, those who claim the property by superior or paramount title should come in as interveners or be brought in as defendants, so that their claims may be properly adjudicated. C. S., 829; *Patrick v. Baker,* 180 N. C., 588; *Evans v. Aldridge,* 133 N. C., 378; *In re Snell,* 125 Fed., 154.

Speaking to a similar situation in *Peck v. Jenness, supra, Mr. Justice Grier* observed that, "where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. . . . For if one may enjoin, the other may retort by injunction, and thus the parties be without remedy; being liable to a process for contempt in one, if they dare to proceed in the other." See, also, *Metcalf v. Baker,* 187 U. S., 165, and *White v. Schloerb,* 178 U. S., 542.

And so, the garnishee, in each succeeding case, should set up as a defense, either absolute or *pro tanto,* that a prior attachment has been levied on the property in its hands belonging to the principal defendant (12 R. C. L., 835; 28 C. J., 286) and should also notify any adverse claimant to come in by intervention and make good its claim to the property attached. *Temple v. Hay Co.,* 184 N. C., 239; *Garity v. Gigie,* 130 Mass., 184; 12 R. C. L., 825. But the first court of general juris-

diction taking possession of the property may hold it and disburse the funds according to the respective rights of the parties as they may be made to appear in that court, on the question of priority. *Lemly v. Ellis,* 143 N. C., 200; *Bank v. Steinberg, supra.* If this course be not pursued in the instant case a serious wrong may be inflicted on the Bank of Alexander, the garnishee, as a portion of the attached funds is represented by bond given only in the present proceeding. *Martin v. McBryde,* 182 N. C., 175; *Patrick v. Baker,* 180 N. C., 588; 28 C. J., 303.

We have not overlooked the learned opinion of *Mr. Justice Miller* in *Buck v. Colbath,* 70 U. S., 334, wherein he classifies the different writs, or processes of the court, and points out with particularity the distinction between replevin and attachment; nor is the position here taken necessarily at variance with what is said in that opinion. Sometimes, in a case of first impression, the court finds it necessary to mold its decrees to meet the exigencies of the particular case. *McNinch v. Trust Co.,* 183 N. C., 33.

As herein modified and interpreted, the order appealed from will be upheld.

Modified and affirmed.