16639

GLENN v. ONE 1946 TUDOR FORD, SOUTH CAROLINA
LICENSE NO. D-154-050
(71 S. E. (2d) 507)

*Mr. Cleve A. Lytle,* of Fort Mill, *for Appellant,*

*Messrs. Bell & Bell,* of Lancaster, *for Respondent.*

June 24, 1952.

TAYLOR, Justice.

The Respondent in the above entitled action instituted suit for damages in the amount of Three Hundred Dollars, which he is alleged to have suffered by reason of the operation of the appellant automobile upon a public highway in the County of Lancaster, South Carolina.

It appears that the owner of the automobile was a resident of York County but he is not a party to the action. A Writ of Attachment against the appellant automobile was issued by the Clerk of Court for Lancaster County in the above action, commenced in the Court of Common Pleas for that County against the automobile alone for recovery of damages growing out of a wreck occurring in said Lancaster County in which the said appellant automobile was involved. The Writ was directed to "All and singular, Sheriffs and Constables of the said State and County", referring to York County. The papers were delivered to T. W. Derrick, Captain of the York County Rural Police, for service and the defendant automobile was seized by such officer on June 21, 1949.

No appearance, answer or defensive pleading was filed in said action by the appellant at the 1949 Fall Term of Court of Common Pleas for Lancaster County, the case came on for trial as a default matter and resulted in a verdict by a jury for the Respondent in the sum of Three Hundred Dollars. Thereafter, execution was issued against the automobile for the purpose of satisfying the judgment.

On December 1, 1949, appellant appeared especially for the purpose of moving for an Order setting aside and vacating the judgment in the above-entitled action on the grounds that the court in which the cause was heard did not have jurisdiction.

The aforementioned Motion was heard by the Resident Judge who issued his Order dated December 1, 1949, denying the relief sought.

Attachment is an extraordinary remedy and exists only by reason of the statute providing for same and the Courts have held almost without exception that the provisions of such statutes must be strictly construed. There are numerous statutes relative to the powers of rural policemen of York County. However, in none of them is found authority for such officers to serve a Warrant of At-

tachment as will be more fully seen by referring to 1943 Statutes, p. 70; 1944 Statutes, p. 1248; 1946 Statutes, p. 1497; 1948 Statutes, p. 1710. The Warrant of Attachment in this case was directed to "Sheriffs and Constables" which is in accord with the procedure prescribed by Section 531, Code of 1942.

In *Carson v. Woodrow,* 160 N. C. 143, 75 S. E. 996, 997, a case similar in many respects to the one at hand, we find the following:

"Thus in 4 Cyc., p. 400, it is said: 'Attachment being an extraordinary and summary remedy in derogation of the common law, the courts will usually, in the absence of statutory provisions to the contrary, construe the statute strictly in favor of those against whom the proceeding is employed, both as to the subject-matter of the attachment and the method of enforcing the remedy, and will exact of the plaintiff a strict compliance with all statutory requirements.' And in 2 Lewis, Sutherland on Statutory Construction (2d Ed.) § 566, p. 1049: 'A party seeking the benefit of such a statute must bring himself strictly, not within the spirit, but within the letter. He can take nothing by intendment.   *   *   * The remedy by attachment is special and extraordinary, and the statutory provisions for it must be strictly construed, and cannot have force in cases not plainly within their terms.'   *   *   *   There are different statutes, general and special, conferring on town and township constables the power of serving ordinary court process,   *   * .  *   But the cases construing these statutes have thus far generally held that to make a valid service of process from the superior courts by constables the same should be specially addressed to such officer by his official title, and these statutes could not apply, therefore, when, as in this case, the writ could not be so directed."

All of which is in line with the well established principle of law that only an authorized officer may execute a Warrant of Attachment. 4 Am. Jur. 872, § 528; 7

C. J. S., Attachment, §§ 204, 205, page 388; *Boyce v. Owens,* 2 McCord 208, 13 Am. Dec. 711.

We are unable to find wherein any of the statutes give to the rural policemen of York County the authority to serve Warrants of Attachment. It therefore follows that service was improper and should therefore be set aside, that the judgment should be set aside for lack of jurisdiction and it is so ordered.

FISHBURNE, STUKES and OXNER, JJ., concur.